**PREPO CORPORATION, Plaintiff-Appellee,**

v.

**PRESSURE CAN CORPORATION and William B. Hinn, Defendants,**

**Knapp-Monarch Company, Defendant-Intervenor-Appellant (two cases).**

Nos. 11714, 11716.

United States Court of Appeals Seventh Circuit.

June 27, 1956.

Rehearing Denied Aug. 6, 1956.

---

1. 24 T.C. 744.

Will Freeman, John T. Love, Chicago, Ill., for appellant.

Elwin A. Andrus, Milwaukee, Wis., George L. Wallace, Eugene R. Sawall, Andrus & Sceales, Milwaukee, Wis., for appellee.

Before DUFFY, Chief Judge, and FINNEGAN and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

Plaintiff, owner of patent to Falligant, 2,683,484, issued July 13, 1954, originally brought suit in the district court against the defendant Pressure Can Corporation for infringement and unfair competition. Later it joined as defendant the corporation's president, William B. Hinn. Knapp-Monarch Company, having purchased certain assets of Pressure in June 1955, on July 8, 1955, was permitted to intervene and become a party defendant as to the questions raised as to validity and infringement. The cause finally came to issue upon the second amended complaint and the answers thereto. No questions other than those arising upon the first count charging infringement are involved on this appeal.

On October 25, 1955, Knapp-Monarch filed a motion for summary judgment, arguing that the patent was invalid in view of the provisions of R.S. 4886, U.S.C. Title 35, § 102(b), as interpreted by the United States Supreme Court in Muncie Gear Works, Inc., v. Outboard Marine & Mfg. Co., 315 U.S. 759, 62 S.Ct. 865, 86 L.Ed. 1171. The court denied the motion, in which apparently Pressure concurred, and entered final judgment in favor of plaintiff against defendants, adjudging the patent valid and infringed,

702

and ordering an accounting, treble damages and attorney's fees. From that judgment separate appeals have been perfected. The ultimate question submitted is whether the district court was justified in entering summary judgment in plaintiff's favor.

Under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., a summary judgment may be entered if it appears that no genuine issue of material fact exists and the question raised is one of law upon undisputed facts. Defendant's motion averred that there was no genuine issue as to any material fact with respect to invalidity of the patent on the ground urged and that defendant was entitled to judgment of invalidity and non-infringement as a matter of law. This admission the district court evidently thought was a waiver of all defenses of invalidity as well as of any question of infringement, giving the court authority under the rule to treat the case as though all questions of fact theretofore presented had been removed from the case, and proceeded to enter final judgment, as at trial, in favor of plaintiff and against defendant declaring the patent valid and infringed.

We think the court labored under a misapprehension of the scope and proper interpretation of Rule 56. In M. Snower & Co. v. United States, 7 Cir., 140 F.2d 367, at page 369, we had occasion to consider a similar situation. There we said that plaintiff "argues that there is no issue of fact because the defendant by making a motion for judgment on the pleadings has admitted the untruth of its denial of plaintiff's allegation * * * when a party moves for judgment on the pleadings, he not only, for the purposes of his motion, admits the truth of all the allegations of his adversary, but must also be deemed to have admitted the untruth of all of his own allegations which have been denied by his adversary. But [the cases] make it clear that such 'admission' is only for the purpose of the motion. In other words, such 'admission' is not final, binding, and conclusive in such a way as to amount to a definitive waiver of material facts put in issue by

the answer. Instead, the trial may proceed, and the factual issues raised by the answer are then subject to proof. Thus if the court denies a party's motion for judgment on the pleadings, this does not mean that he is precluded from contending that his denials (in his answer) of the allegations in plaintiff's complaint are true." Later, the United States Court of Appeals for the Sixth Circuit, in Begnaud v. White, 170 F.2d 323, agreed, saying at page 327: "The fact that both parties make motions for summary judgment, and each contends in support of his respective motion that no genuine issue of fact exists, does not require the Court to rule that no fact issue exists. Each, in support of his own motion, may be willing to concede certain contentions of his opponent, which concession, however, is only for the purpose of the pending motion. If the motion is overruled, the concession is no longer effective. *Appellants' concession that no genuine issue of fact existed was made in support of its own motion for summary judgment.* We do not think that the concession continues over into the Court's separate consideration of appellee's motion for summary judgment in his behalf after appellants' motion was overruled. M. Snower & Co. v. United States, 7 Cir., 140 F.2d 367, 369." (Emphasis supplied.)

Under these authorities defendant's admission that there was no genuine issue of material fact involved in its motion for summary judgment admitted, for the purpose of the motion, that, upon the issue presented by the motion, no question of fact existed. Defendant, in support of its motion, raised the one question of whether the file wrappers of certain patents disclosed such defects in the prosecution and allowance of the patent in suit as had been held fatal by the Supreme Court in the Muncie Gear case. Under that motion, if the court so construed the file wrapper history as to violate the teaching of Muncie, there being no dispute as to the facts involved, but only those disclosed in the file wrappers, it would have been perfectly justified in

concluding that upon this, the sole issue presented, there was no genuine issue of fact and could have properly proceeded to a finding of invalidity. In other words, the issue presented was whether, as a matter of law, the patent was invalid upon the narrow ground urged.

■ The court should not have proceeded further and disposed of all other issues raised in the case, unless the record discloses some justification for such action, either by stipulation or by admission. Plaintiff asserts that the record contains such stipulations and admissions as conferred upon the court the power to dispose of the whole case. In that respect, it relies upon the following facts. The motion asserted that there was no genuine issue of material fact. The parties stipulated that the patent, if valid, was infringed by defendant in the manufacture and sale of a portable blow-torch. Counsel for defendant stated that the admission of infringement went only to the blow-torch and not to the other accused structures and that he had good reason to believe the patent invalid as not representing invention over the prior art. Defendant Knapp-Monarch entered its appearance to join in the defense of non-validity and non-infringement. Its answer, as well as that of Pressure, set up various prior art references in support of invalidity. The attorney admitted infringement "for the purpose of the motion" but added that he denied infringement "if he had to go to trial." He expressly stated that the defense asserted by the motion was "not the only defense defendant has submitted", and that he was contending further "that the patent is invalid in view of the prior art." Knapp-Monarch, upon entering its appearance, had stated that it thought it could go along with the proposition that there had been infringement to the extent Pressure had stipulated, provided the patent was held valid.

These and similar facts of no wider import than those recited are said to be sufficient evidence of admissions by de-

fendant that it was waiving all issues of fact presented by its answer upon validity, thus justifying the court in entering final judgment. We have searched the record in vain for support for plaintiff's contention. As we have pointed out, the admission of fact, so far as validity was concerned, was limited to the specific legal defense presented upon certain undisputed facts. There was no attempt to dispose of, no waiver of the right to have determined, the question of whether the patent had been anticipated by the prior art or whether the status of that art was such as to make of the achievements of the patentee only the ordinary accomplishment of a skilled mechanic in the trade. Those defenses, under the rule announced in Snower, remained undetermined and unwaived, to be disposed of by the court upon evidence bearing thereon, if the motion for summary judgment was overruled.

Plaintiff insists that this case is controlled by Tripp v. May, 7 Cir., 189 F.2d 198. There defendant had made a motion for summary judgment and plaintiff a cross-motion for similar relief in its favor. The court denied defendant's motion and allowed that of plaintiff. But there we found no disputed question of fact remaining in the case. We said, at pages 199–200: "the court and the parties at that time treated it as final and as presenting everything which could be presented in the determination of the issues of the cause. * * * it should be kept in mind that a party moving for summary judgment concedes the absence of a factual issue only for the purpose of his motion." We added as a further reason for approving the entry of judgment, that the attorney for the defendant had said in open court, " 'We can't offer anything further on the trial of the case. There is not any dispute as to the facts.' " In that situation, we held that the trial court was justified in entering summary judgment and disposing of the entire cause. We think the present case is clearly distinguishable. Though defendant's counsel did say that there was "no genu-

ine issue of fact with respect to validity," he added the qualifying statement, "for the purposes of this motion."

We are not confronted with any contention that the court erred in overruling defendant's motion for summary judgment. The only issue presented is whether the court was justified in proceeding further and in entering judgment for plaintiff on the merits, in the absence of any evidence or stipulation waiving or otherwise disposing of other defenses preserved by the answers of defendants. Inasmuch as we believe the court was not so justified, the judgment is reversed and remanded for further proceedings in accord with the announcements herein contained.