In the Matter of Robert Roy GILBERT and Renee Leslie Gilbert, Debtors.

LEBAMOFF & ASSOCIATES, Plaintiff,

v.

Robert Roy GILBERT, Defendant.

Proceeding No. 80–1091.
Bankruptcy No. 80–10215.

United States Bankruptcy Court,
N. D. Indiana,
Fort Wayne Division.

April 16, 1981.

---

Kenneth Scheibenberger, Fort Wayne, Ind., for plaintiff.

Dean A. Brown, Fort Wayne, Ind., for defendant.

ROBERT K. RODIBAUGH, Bankruptcy Judge.

## ORDER

At South Bend, Indiana, on April 16, 1981.

This matter is before the Court on plaintiff's complaint to determine the nondischargeability of a certain debt and the debtor's motion to dismiss the complaint. Plaintiff's complaint is premised upon Section 523(a)(5) of the Bankruptcy Code[1] which provides:

§ 523. *Exceptions to discharge.*

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support; ...

At the pre-trial conference, the parties agreed that this matter be submitted on the pleadings and briefs that either party filed, with said pleadings and briefs to constitute the full submission of this proceeding. Following receipt of the said briefs and additional essential facts, this matter was taken under advisement on December 11, 1980.

The Court finds the operative facts to be as follows: On January 2, 1980, plaintiff filed a motion in the Allen Circuit Court for an order requiring Robert Gilbert to pay attorney fees of Renee Gilbert in their dissolution of marriage proceedings. Along with this motion was the affidavit of Renee which stated that she "does not have funds with which to prosecute this action and pay her attorney fees." On or about January 11, 1980, the Honorable Hermann F. Busse, Judge of Allen Circuit Court, ordered debtor Robert Gilbert to pay to the Clerk of the Court the sum of $400.00 for the use and benefit of petitioner's attorney.

Plaintiff alleges that this order for attorney's fees was for the support of the debtor's spouse, in that it allowed her to maintain the action for dissolution of her marriage to the debtor. Pursuant to Section 523(a)(5), plaintiff contends that this debt should not be discharged and requests the costs of this action.

The debtor denies that the order was for the support of his former spouse, denying that the order was in the nature of alimony, maintenance and/or support. Thus, defendant filed his motion to dismiss contending that the debt is not excepted from discharge under the Bankruptcy Code.

 Attorney's fees for services rendered in a divorce proceeding and awarded as such to a former wife can be in the nature of alimony for her support and maintenance.[2] The Court also notes that such fees could be viewed as a debt arising under a property settlement agreement between ex-spouses, in which case the obligation could be dischargeable in bankruptcy.[3]

1. 11 U.S.C. § 523(a)(5) (1979).

2. *In re Cornish*, 529 F.2d 1363 (7th Cir. 1976). *Nichols v. Hensler*, 528 F.2d 304 (7th Cir. 1976).

3. *Nichols v. Hensler, supra.*

464

In the present matter, guidance is provided by the Indiana statutes.[4] Pursuant to such provisions, a state court judge has discretion to order either party in a pending marriage dissolution proceeding to pay the attorney's fees of the other party *pendente lite*. The Court is aware of the fact that a state court will be most likely to exercise its discretion to award such fees when the spouse who receives the benefit of the fee is impoverished. We believe that such an award under the circumstances of impoverishment is fairly construed as an allowance of alimony in the nature of support for the spouse.

█ It is apparent from the exhibits that the award of attorney's fees in the present case was due to the impoverishment of the defendant's wife and is in the nature of support.

Although the Court had ordered that payment be made to the Clerk of Court, this procedure is merely a matter of convenience used in dissolution proceedings to minimize the potential of disharmonious contact between the husband and wife. Despite the manner of collection, this obligation of payment by Robert fundamentally is owing to the wife and was ordered on her behalf to fulfill her obligation of payment of attorney's fees to her attorney for services rendered. Because this Court views the debt as owing to the wife, with the Clerk of the Court merely serving as collector/transmitter, the Court remains within the provision of the statute requiring that the debt be owed *to* a spouse, former spouse or child of the debtor.[5] Although the legislative history of the initial bill stated that the debt must be "owed directly to a spouse or dependent,"[6] the enacted Section 523(a)(5) is a compromise between the House bill and the Senate amendment. The history of that compromise legislation[7] does not reiterate that the debt should be owed "directly to" in order to warrant nondischargeable status. In any event, a requirement of payment directly to the spouse or dependent would contravene the public policy of minimizing the risks of marital disharmony and at times, violence, by removal of the neutral buffer of the Clerk of Court for purposes of collection. In the case at bar, the motion for attorney fees was combined with a motion for an order restraining the husband from molesting or physically abusing the wife. Therefore, it appears that this is precisely a case where payment to a neutral party was in the best interest of peace between the parties.

Accordingly, the Court hereby finds that the obligation for payment of the wife's attorney is a debt to the spouse and is in the nature of support. Thus the $400.00 debt for attorney's fees is nondischargeable under Section 523(a)(5).

SO ORDERED.

---

4. *Ind.Stat.Anno.*, § 31–1–11.5–16 (Burns 1980). The question of what constitutes alimony, maintenance or support is determined by state law. 3 *Collier on Bankruptcy* ¶ 523.15 at 523–108 (15th ed. 1980).

5. *But see, In re Spong*, 3 B.R. 619 (Bkrtcy.W.D. N.Y.1980).

6. H.Rep. No. 95–595, 95th Cong., 1st Sess. 364 (1977); S.Rep. No. 95–989, 95th Cong., 2nd Sess. 79 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

7. 124 Cong.Rec. H 11864–66, at X–26 (daily ed. October 6, 1978).