In the Matter of Robert J. FREY, Debtor.

Marian Gail FREY, and Phillips and Long, a Professional Corporation, Plaintiffs,

v.

Robert J. FREY, Defendant.

Bankruptcy No. 80–1759–EV.
Adv. No. 80–444.

United States Bankruptcy Court, S. D. Indiana.

April 16, 1981.

Phillips & Long, Boonville, Ind., for plaintiffs.

Mark Hart Hendrickson, Boonville, Ind., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

MICHAEL H. KEARNS, Bankruptcy Judge.

This matter is before the Court upon the Compliant to Determine Dischargeability of Debts filed by plaintiffs, Marian Gail Frey and Phillips and Lang, a Professional Corporation, against defendant/debtor, Robert H. Frey. Both parties have filed Motions for Summary Judgment with the Court. The Court, finding that there is no genuine issue as to any material fact, having reviewed the pleadings and the attachments thereto, and being duly advised in the premises, now enters the following findings of fact, conclusions of law and order with respect to said Complaint.

## FINDINGS OF FACT

1) This Court has jurisdiction over the parties and the subject matter by reason of the Bankruptcy Code. 28 U.S.C. § 1471.

2) Defendant filed his petition for dissolution of marriage in the Warrick Superior Court on July 13, 1979. Plaintiff, Marian Gail Frey, filed her cross petition for dissolution of marriage on September 4, 1979.

3) On September 17, 1979, the Warrick Superior Court entered a decree of dissolution of marriage and approved the property settlement agreement tendered by the parties.

4) As part of said property settlement agreement, plaintiff was given possession of the parties' mobile home and defendant was to pay one-half (½) of the mortgage payments thereon until the unit was sold. Defendant failed to perform under this obligation.

5) On June 23, 1980, plaintiff, Marian Gail Frey, filed a motion in the Warrick Superior Court for indirect contempt. That court heard evidence on the information and awarded Ms. Frey a judgment in the amount of Seven Hundred Seventy Dollars and Fifteen Cents ($770.15) and plaintiff, Phillips and Long, a judgment in the amount of Fifty Dollars ($50.00) for Ms. Frey's attorney fees in the contempt proceeding.

6) Defendant filed his Voluntary Petition in Bankruptcy with the United States Bankruptcy Court for the Southern District of Indiana on September 19, 1980. Plaintiffs filed the instant Compliant in this proceeding to have the above-described judgments held non-dischargeable in bankruptcy for the reason that they are in the nature of alimony, maintenance and support.

## CONCLUSIONS OF LAW

The legal questions before this Court on the motions for summary judgment are whether the judgment in favor of Marian Gail Frey is dischargeable in bankruptcy and whether the judgment in favor of Phillips and Long is dischargeable in bankruptcy.

A debt is not dischargeable in bankruptcy if it is a debt to a spouse for alimony to, maintenance for, or support of the spouse or child. 11 U.S.C. § 523(a)(5). If a debt is one arising under a property settlement agreement in dissolution proceedings, it is dischargeable in bankruptcy. *Nichols v. Hensler,* 528 F.2d 304 (7th Cir. 1976).

In the instant case, the obligation in question appeared in the "Property Settlement Agreement" entered into by the parties and approved by the court. This cap-

tion may be indicative, but not dispositive of the nature of the obligation for purposes of determining dischargeability in bankruptcy. (See 11 U.S.C. § 523(a)(5)(B)). It is the basis for creation of an obligation which determines whether it was intended as an equalization of property rights or as support and maintenance. *Matter of Woods*, 561 F.2d 27 (7th Cir. 1977).

■ In addition to the caption of the agreement, defendant's contention that the award to Marian Frey is in the nature of a property settlement is supported by the fact that nowhere in her pleadings before the Warrick Superior Court did plaintiff pray for alimony, maintenance or support. There are various provisions in Indiana law under which a court may order alimony, maintenance or support. A decree may make provisions for maintenance of an incapacitated spouse to the extent that his or her ability to support hisself or herself is materially affected by such incapacity. IC 31–1–11.5–9(c). However, plaintiff makes no allegation of any such incapacity here, nor did she make any such allegation before the Warrick Superior Court. Temporary maintenance is available under IC 31–1–11.-5–7, but we are dealing here with a final decree. Plaintiff makes no specific allegations of misconduct which would justify support under the provisions of IC 31–1–9–10. Under IC 31–1–9–12 and 13, a court may "make such orders and allowances, in the nature of alimony . . . . . ." However, the statute clearly contemplates a specific order for alimony in such an instance.

The parties may agree in writing to make provisions for maintenance of either spouse. IC 31–1–11.5–10. However, the agreement in this case appears to be made in consideration of the contribution of each spouse to the acquisition of the mobile home and in consideration of the fact that the home was purchased as a marital asset by both parties. The agreement allows the parties to keep the mortgage payments current in an equitable manner pending the sale of the home.

While defendant's default is reprehensible, it is not a breach of an obligation of support or maintenance of his ex-wife. The debt arises out of defendant's obligation under a property settlement agreement which is dischargeable in bankruptcy.

■ A court may award attorney fees in dissolution proceedings for legal services rendered prior to the commencement of the proceedings, during the proceedings and after the entry of judgment. IC 31–1–11.5–16. However, that power is not solely statutory, but rather an inherent equitable power of the courts. Where spouses have been ordered to pay attorney fees under this latter power, their obligation has been held based on the duty of support. *O'Connor v. O'Connor*, (1969) 253 Ind. 295, 253 N.E.2d 250; *State ex rel. Sims v. Hendricks Circuit Court*, (1956) 235 Ind. 444, 134 N.E.2d 211; *Brown v. Brown*, (1973) 157 Ind.App. 672, 301 N.E.2d 400.

> "Legal fees incurred by the wife, whether in divorce or other contexts, are viewed under domestic relations law as necessities which the husband must provide under his duty of support." *In re Knabe*, 8 B.R. 53, 3 C.B.C.2d 634 (Bkrtcy.S.D.Ind. 1980).

### ORDER

It is therefore, CONSIDERED, ADJUDGED AND DECREED that the motion for summary judgment of defendant, Robert J. Frey, is sustained in part and denied in part, and the motion for summary judgment of plaintiffs, Marian Gail Frey and Phillips and Long, a Professional Corporation, is sustained in part and denied in part. Be it specifically ORDERED that the debt owing to Marian Gail Frey from Robert J. Frey, in the amount of Seven Hundred Seventy Dollars and Fifteen Cents ($770.15), be and hereby is discharged in this proceeding. Be it further ORDERED that the debt owing to Phillips and Long, a Professional Corporation, in the amount of Fifty Dollars ($50.00) be and hereby is held nondischargeable in these proceedings.

Let judgment enter accordingly.