In re Charles Lee TACKETT, Debtor.

**Hal C. HOSSINGER, Plaintiff,**

v.

**Charles Lee TACKETT, Defendant.**

Bankruptcy No. 84–10773.
Proc. No. 84–1117.

United States Bankruptcy Court,
N.D. Indiana,
Fort Wayne Division.

Oct. 21, 1986.

Hal C. Hossinger, Kendallville, Ind., pro se.

David L. King, Nashville, Tenn., for defendant.

ORDER

ROBERT K. RODIBAUGH, Bankruptcy Judge.

This matter is before the court on plaintiff Hal C. Hossinger's [1] (Hossinger) Complaint for Determination of Dischargeability of Debt filed on December 3, 1984. Hos-

1. Plaintiff Hossinger is the attorney for debtor Charles Lee Tackett's wife in their divorce ac-

tion. Attorney fees were awarded to Mary Ann Tackett as part of the divorce decree. Hossing-

singer's complaint is based upon 11 U.S.C. § 523(a)(5) which exempts from discharge any debt,

> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record or property settlement agreement, but not to the extent that—
>
> (A) Such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act [42 USCS § 602(a)(26)], or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or
>
> (B) such debt includes a liability designated as alimony maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;
>
> 11 U.S.C. § 523(a)(5).

The debt in question results from a divorce proceeding between the debtor, Charles Lee Tackett (Charles), and his former spouse Mary Ann Tackett (Mary). Pursuant to a written agreement between the debtor and his former spouse, the court in the divorce proceedings ordered Charles to pay Mary's attorney fees. Under Indiana law, Ind.Code 31–1–11.5–16, the court ordered the fees to be paid directly to the attorney who may then enforce the order in his own name.

The award of attorney fees was made under the state court's inherent power to award spousal support, Hossinger opines, and it is therefore nondischargeable. For reasons stated below, this court cannot agree.

Hossinger cites authority from this district and from the Southern District of Indiana to support his position. This court agrees the cases cited tend to follow Hos-

singer's reasoning. However, in light of the development and evolution of divorce law in Indiana, particularly in the area of spousal support, this court's prior holdings need to be re-examined and re-evaluated.

Previously this court has held attorney's fees for services rendered in a divorce proceeding can be in the nature of alimony for a spouse's support and maintenance and is thus nondischargeable under 11 U.S.C. § 523(a)(5); *Matter of Gilbert*, 10 B.R. 462, 462 (Bkrtcy.N.D.Ind.1981); *see also*, *Matter of Frey*, 13 B.R. 12 (Bkrtcy.S.D.Ind. 1981); *In re Knabe*, 8 B.R. 53 (Bkrtcy.S.D. Ind.1980). This court has also held such fees could be viewed as a debt arising under a property settlement agreement between ex-spouses, in which case the obligation could be dischargeable in bankruptcy. *Matter of Gilbert, supra*, 10 B.R. at 463.

The prior reasoning of this and other districts in Indiana utilized the common law duty of the husband to support the wife as a basis for the state court's inherent power to award attorney's fees. Where the award of fees is made by the state court under its inherent powers rather than by statutory authority it is held to be based on the duty of support. *In re Knabe, supra*, 8 B.R. at 56 *and cases cited therein*. Under current Indiana law, however, the state courts no longer have the inherent power to award spousal support, alimony, or maintenance. It is only under certain statutory guidelines that the state court may award support. Ind.Code 31–1–11.5–11(e);[2] *Pfenninger v. Pfenninger*, 463 N.E.2d 1115, 1119 (Ind.App.1984); *Coster v. Coster*, 452 N.E.2d 397, 403 (Ind.App.1983); *Steele v. Davisson, Davisson & Davisson*, 437 N.E.2d 491, 492 (Ind.App.1982); *Hull v. Hull*, 436 N.E.2d 841, 843 (Ind.App. 1982). Therefore, an award of attorney fees can no longer be logically said to derive from the court's inherent power to award spousal support (i.e., the state courts in Indiana no longer have such inherent power).

---

er is bringing this action to recover those fees in his own name pursuant to Ind.Code 31–1–11.5–16.

**2.** Acts 1973, P.L. 297, *as amended* by Acts 1979, P.L. 274, Sec. 1, Acts 1980, P.L. 180, Sec. 2; P.L. 150–1984, Sec. 2; P.L. 279–1985, Sec. 3.

■ This is not to say the state courts no longer have the power to order the payments of the spouse's attorney fees or that such obligation is automatically dischargeable in bankruptcy. Rather, that is to say the award of such fees must necessarily be either by virtue of the state court's authority to award attorney's fees in a divorce action, Ind.Code 31–1–11.5–16, in which case the award would be dischargeable in bankruptcy since not based upon spousal support and thus not exempt under 11 U.S.C. § 523(a)(5) or, the award may be in the nature of spousal support if awarded under the statutory guidelines for such support, Ind.Code 31–1–11.5–9, 10, 11, and thus the award would be nondischargeable in bankruptcy.

The court's first determination then must be, as it has historically been, whether the award was one of spousal support. To be a valid award of spousal support the state court, since it no longer has the inherent power to award support, must have made a finding of incapacitation of the receiving spouse or, the award must be based upon a mutual agreement for support by both parties. In the case at bar, there is no finding of incapacitation by the state court, nor would the facts presented here support such a finding. Therefore the award of attorney fees cannot be based upon spousal support under Ind.Code 31–1–11.5–11. The award does incorporate, however, a "property settlement agreement" which includes the agreement for Charles to pay Mary's attorney fees. Thus, if such agreement between Charles and Mary were based upon support rather than a division of marital assets, it would be a valid support agreement and would be nondischargeable under 11 U.S.C. § 523(a)(5).

■ In the case at bar, the obligation for attorney fees appears in the "Property Settlement Agreement" entered into by the parties and approved by the court. This caption may be indicative, but is not dispositive of the nature of the obligation for purposes of determining dischargeability in bankruptcy. *Matter of Frey, supra,* 13 B.R. at 13. Unfortunately, the plaintiff has failed to provide this court with a copy of the actual agreement. The only indication this court has as to its content comes from allusions to the agreement contained within the state court's minute entries. Without the actual agreement before it, this court is unable to properly determine upon what basis the agreement was reached. As the plaintiff, Hossinger has the burden of proving that the debt is nondischargeable. *In re Snider,* 62 B.R. 382, 385 (Bkrtcy.S.D.Texas 1986). Intertwined with this evidentiary requirement is the basic principle of bankruptcy that exceptions to discharge must be strictly construed against a creditor and liberally in favor of a debtor so that the debtor may be afforded a fresh start. *Id.,* at 385; *Murphy & Robinson Inv. Co. v. Cross,* 666 F.2d 873, 880 (5th Cir.1982).

■ In light of Hossinger's failure to meet his burden of proof and this court's strict construction in favor of the debtor's fresh start, the court determines the debt for attorney fees to be dischargeable in bankruptcy.

SO ORDERED.