In re George STANJEVICH, Debtor.

Jelena H. STANJEVICH and M. Kent Newton, Plaintiffs,

v.

George STANJEVICH, Defendant.

Bankruptcy No. 1–87–02514.
Adv. No. 1–87–0188.

United States Bankruptcy Court,
S.D. Ohio, W.D.

Feb. 10, 1989.

Robert A. Goering, Cincinnati, Ohio, for defendant.

Mark R. Wenzel, Indianapolis, Ind., for plaintiffs.

Charles M. Caldwell, Cincinnati, Ohio, Asst. U.S. Trustee.

## DECISION AND ORDER ON MOTIONS FOR SUMMARY JUDGMENT

BURTON PERLMAN, Chief Judge.

Plaintiff, Jelena Helen Stanjevich, is the divorced wife of defendant/debtor George Stanjevich. Plaintiff, M. Kent Newton, is the attorney who represented Mrs. Stanjevich during the divorce case. Following a pretrial conference, plaintiffs filed an amended complaint asserting dischargeability of debts owing them and awarded by an order of an Indiana court. Defendant then filed a motion for summary judgment, specifically directed at the question of whether or not the amount ordered paid to the wife's attorney was dischargeable. (Doc. 13.) Defendant filed a second motion for summary judgment (Doc. 15) directed at the claim of nondischargeability for willful and malicious injury pursuant to 11 U.S.C. § 523(a)(6). In respect to defendant's first motion for summary judgment, the only evidentiary material relied upon is the divorce decree (document entitled "Findings of Fact, Conclusions of Law, and Judgment") attached to the amended complaint. In support of his second motion for summary judgment, defendant utilized that decree and, in addition, the decision of the Indiana appellate court affirming the decree, and also a deposition of plaintiff.

As requested by plaintiff, an oral hearing was held on the summary judgment motions. At the hearing, we sustained defendant's second motion for summary judgment, that directed at the portion of the amended complaint based upon § 523(a)(6). That action by the court will be the subject of a separate judgment entry. At the conclusion of the hearing, however, we reserved decision with respect to defendant's first motion for summary judgment, that dealing with the dischargeability of the $7,000.00 award on account of attorney's fees fixed by the Indiana court, and our ensuing discussion will deal with that motion.

Defendant bases his motion on three grounds. First, he says that the Indiana court ordered that the debt be paid to a third party, the attorney, and therefore it is dischargeable. Second, the debt represents services for a dispute having only to do with property division, and not alimony, maintenance or support, and is therefore dischargeable. Third, defendant says that under the law of Indiana, the $7,000.00 amount cannot be in the nature of alimony, maintenance or support and is therefore dischargeable.

We need not linger over the first ground asserted by defendant, that based upon § 523(a)(5)(A), for it is clearly without merit. It is settled law that the direction of payment of an attorney's fee to an attorney in a divorce decree is not the sort of assignment which is the subject of the statutory exception at § 523(a)(5)(A). *In re Calhoun*, 715 F.2d 1103, 1107 (6th Cir.1983); *In re Devine*, unreported, Adv. No. 1–81–0284 (Bankr.S.D.Ohio 1–11–82); *In re Knabe*, 8 B.R. 53, 55 (Bankr.S.D.Ind.1980).

Defendant bases his second ground on the assertion that the attorney's fees were

only for a dispute over property division in which considerations of alimony, support and maintenance were not involved. Defendant points out that there were no children involved in the divorce and the amount of the attorney's fee involved is disproportionate as a fee for an ordinary divorce for a marriage of short term. With respect to this ground asserted by defendant, suffice it to say that we find it to be without merit because there is no support in the evidence for the assertions of fact which are made.

We turn finally to the third ground advanced by defendant, that under the law of the State of Indiana, the attorney's fee award must be found to be dischargeable because it cannot be in the nature of alimony, maintenance or support. We understand the argument of defendant in this respect to be that the domestic relations law of Indiana is statutory, and there is no common law of domestic relations in Indiana. Thus, says defendant, there is no inherent power in the Indiana domestic relations court to award attorney's fees. Defendant then says that a consideration of the divorce decree makes it clear that the money awards in the judgment were entirely on account of a property division made by the court. Defendant concludes that since the money judgment awarded to plaintiff was on account of a property division, and not alimony, maintenance or support, that the attorney's fee for securing such a judgment itself cannot be in the nature of alimony, maintenance or support, and therefore cannot be nondischargeable.

Defendant bases his contention that an attorney's fee award in a domestic relations case in Indiana can only be made pursuant to statute, and not as a matter of the inherent power of the court, upon *In re Tackett*, 66 B.R. 77 (Bankr.N.D.Ind.1986). The *Tackett* case arose on a declaratory judgment complaint by Hossinger, the attorney for Mary Tackett, who had divorced Charles Tackett, Charles then filing bankruptcy. In *Tackett*, plaintiff argued that the award of attorney's fees was nondischargeable because it was made under the state court's inherent power to award spousal support. The court in *Tackett* re-

jected that argument, for the *Tackett* court concluded that in Indiana there was no longer an inherent power to make an award for spousal support, alimony or maintenance, but such award could only be made pursuant to statute.

In opposition to defendant's motion, plaintiffs argue that *Tackett* does not correctly represent Indiana law, but instead urges upon us *Knabe, supra.* There can be no doubt that the view of the pertinent law in Indiana as seen by the court in *Knabe* in diametrically opposed from that view by the court in *Tackett.* The court in *Knabe* at p. 56 said:

> ... Legal fees incurred by the wife, whether in divorce or other contexts, are viewed under domestic relations law as necessities which the husband must provide under his duty of support. Clark, Law of Domestic Relations in the United States, § 6.3 at 190, § 14.2 at 428 (1968). While the Indiana courts have authority to award suit money and attorney's fees under Ind. Code § 31–1–11.5–16 (1976), that power is not solely statutory. It is an inherent power of those courts; where spouses have been ordered to pay attorney's fees under the latter power, their obligation has been held based on the duty of support.

And again at p. 57, the court said:

> The court therefore concludes that since the obligation to pay attorney's fees in a final divorce decree in Indiana is essentially based on the duty of support, such fees are nondischargeable under § 523(a)(5) of the Code.

We have described the decisions of bankruptcy courts in Indiana because it is upon them that the two contending parties here place their reliance.

■ Our starting point, however, in resolving the present controversy, must be the pertinent statutory provision in the Bankruptcy Code, 11 U.S.C. § 523(a)(5). The statute there provides:

**§ 523. Exceptions to discharge.**

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

\*     \*     \*     \*     \*     \*

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, ...

In interpreting this statute, we look to the decisions of our Court of Appeals. In view of the subject matter involved, we look to *In re Calhoun, supra,* and *In re Singer,* 787 F.2d 1033 (6th Cir.1986). In *Calhoun,* the court found the legislative intent in enacting 11 U.S.C. § 523(a)(5), to be that the determination of what constitutes alimony, maintenance or support is to be determined under federal bankruptcy law, not state law. At p. 1108, the court said that while state law is not binding, it may be looked to to provide guidance in reaching a decision. The concurring opinion of Judge Guy in *Singer* is instructive (see footnote p. 1038) in his statement that while the *Calhoun* case dealt with a debt assumption provision in a separation agreement, its reasoning is more broadly applicable than simply to assumption of debt cases.

▉ Defendant's motion here under consideration has for a basic premise that the $7,000.00 attorney's fee award cannot be construed as support because the Indiana statute which deals with support does not provide for attorney's fees as support. We cannot accept this proposition. It is by now a well established rule in federal bankruptcy law that whether or not an attorney's fee is to be regarded as support for purposes of § 523(a)(5) turns upon whether the litigant awarded the attorney's fee was successful in his suit to secure support. That is, dischargeability of attorney's fees turns on the dischargeability of the underlying debt sought to be enforced. *In re MacDonald,* 69 B.R. 259, 278 (Bankr.N.J. 1986); *In re Jackson,* 58 B.R. 72, 74 (Bankr.W.D.Ky.1986); *DuPhily v. DuPhily,* 52 B.R. 971, 978 (D.C.Del.1985). A consideration of Indiana bankruptcy cases does not lead to a different result. *In re Knabe, supra.*

▉ So we must consider on what account the Indiana court made its award to Jelena Stanjevich in its decree. Under "Conclusions of Law" the court said:

(1) In determining what is a just and reasonable property division, the Court has considered:

a. The contribution of each spouse to the acquisition of the property, including contribution of a spouse as homemaker.

b. The extent to which the property was acquired by each spouse prior to the Marriage or through inheritance or gift.

c. The economic circumstances of each spouse at the time disposition of the property is to be effective.

d. The conduct of the parties during the Marriage as related to the disposition or dissipation of their property.

e. The earnings or earning ability of the parties as related to a final division of property.

It is not sufficient for purposes of determining whether the award to Jelena Stanjevich was in the nature of support as determined by federal bankruptcy law, to point to the words in the foregoing quotation, "property division". Making an award on account of a division of property is not necessarily inconsistent with regarding the award as one for support. In *Singer, supra,* at p. 1034, the court recognized that a property settlement could be made in connection with support, and the debt would then be held to be nondischargeable. Notwithstanding the assertion by defendant here in making its motion that the law of the State of Indiana in regard to support is strictly statutory, and that none of the specified prerequisites for an award of support pursuant to statute has been shown, we are of the opinion that where a state court takes into consideration those elements quoted above, it is possible to regard the award as one for support. If the award is one for support, it follows that it is nondischargeable. In addition, if that is the appropriate conclusion, then the award for attorney's fees is nondischargeable.

In reaching the conclusion that we do, it will be apparent that we reject the position that the present controversy is resolved by application of either the *Tackett* or the *Knabe* cases. While those are decisions of bankruptcy courts, they both sit in the Seventh Circuit. Apparently the law there is that state law governs questions such as that here presented, for both courts simply and directly apply the law of Indiana. That is not appropriate in the Sixth Circuit. Even if the *Tackett* case is correct in its conclusion that Indiana law permits an award of support only under closely circumscribed conditions, that is not determinative of dischargeability. Where an Indiana court applies the Indiana statute, taking into consideration those factors actually considered by the court which issued the divorce decree here involved, we will not accept the proposition that Indiana law precludes a holding of nondischargeability. *Calhoun* says that state law is not binding, but only provides guidance, and *Singer* expressly holds that a division of property need not be inconsistent with a conclusion of nondischargeability.

Accordingly, defendant's motion must be denied for the reason that defendant has failed to show that he is entitled to judgment as a matter of law.

SO ORDERED.