In re Jimmy Wayne MITCHELL, Jr. and Robyn R. Mitchell, Debtors.

Jimmy Wayne MITCHELL, Jr., Plaintiff,

v.

Michelle C. MITCHELL–LONG, f/k/a Michell C. Mitchell and David T. Whisler, Defendants.

No. Misc. 91–51–1.
Bankruptcy No. IP90–2669–RWV–7.
Adv. Proceeding No. 90–307.

United States District Court,
S.D. Indiana,
Indianapolis Division.

April 5, 1991.

Kenneth C. Meeker, U.S. Trustee, Indianapolis, Ind.

Steven L. Kennedy, Indianapolis, Ind., for plaintiff/debtors.

David T. Whisler, Fortville, Ind., for defendants.

## ORDER GRANTING ABSTENTION

DILLIN, District Judge.

The Court, having considered the Report Recommending Abstention filed by the Bankruptcy Court on April 4, 1991, readings as follows:

(H.I.)

The Court now accepts the Bankruptcy Court's Report Recommending Abstention, and under Bankruptcy Rules 5011(b) and 9033(d) ORDERS abstention in this adversary proceeding.

## REPORT RECOMMENDING ABSTENTION

RICHARD W. VANDIVIER, Bankruptcy Judge.

This matter comes before the Court on its own motion to recommend abstention in favor of a state court with concurrent jurisdiction over this matter. The Court now recommends abstention for the following reasons.

1. This Court has jurisdiction to make a recommendation to the district court on a motion to abstain. Bankruptcy Rule 5011(b).

2. Nothing in 28 U.S.C. section 1334, the section granting bankruptcy jurisdiction to the district courts,

> prevents a district court, in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. section 1334(c)(1). Because this section on permissive abstention is not limited to non-core matters, it is applicable even in a core proceeding, such as a com-

plaint to determine dischargeability of a debt. *See In re Republic Reader's Service, Inc.*, 81 B.R. 422, 426 (Bankr.S.D.Tex. 1987); 28 U.S.C. section 157(b)(2)(I).

3. On July 27, 1990, Jimmy Wayne Mitchell, Jr. ("the Debtor") filed this adversary proceeding seeking a determination that certain obligations he incurred in a dissolution proceedings ("the divorce obligations") are dischargeable property settlement debts rather than nondischargeable support obligations. On the same date, he filed a motion for preliminary injunction, seeking an order enjoining his former wife, Michelle C. Mitchell–Long ("Long") and her attorney, David T. Whisler ("Whisler") from continuing with state court collection proceedings, including a contempt proceeding set for August 17, 1990. The Court has denied this motion because it is recommending abstention of the entire matter.

4. The documents attached to the Debtor's complaint on which he relies for the relief he seeks indicates that the Debtor and Long were divorced on November 8, 1989, by order of the Hancock Circuit Court, Cause No. 30C10–8906–DR–00352. By way of a "Dissolution Agreement", under a heading of "DEBTS", the Debtor "agree[d] that as a portion of the consideration for the reduced weekly child support figures below the child support guidelines, he will be responsible for the following debts, with payment of same being a portion of the child support obligation owed [Long] in this cause." There followed a list of twelve debts and an obligation to repay Long for two debts she had paid creditors. Under a heading of "ATTORNEY FEES", the Debtor "agree[d] to pay wife's attorney David T. Whisler $100.00 within sixty (60) days...."

5. The Debtor contends that all the listed debts and the attorney fees are dischargeable and that Long and Whisler are violating the discharge injunction by seeking to enforce these obligations.

6. A discharge under Chapter 7 does not discharge an individual debtor from any debt "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child...." 11 U.S.C. section 523(a)(5). To the extent that the divorce obligations are in the nature of support, they are nondischargeable. To the extent they are simply property/debt settlement, they are dischargeable.

7. Though not dispositive, the description of an obligation as either support or property/debt settlement is indicative of its nature. *See In re Quinn*, 97 B.R. 837 (Bankr.W.D.N.C.1988); *In re Frey*, 13 B.R. 12, 13–14 (Bankr.S.D.Ind.1981). If the divorce orders do not give explicit (and accurate) indication the nature of the divorce obligations, the Court must try to determine whether the state court intended the divorce obligations to be in the nature of support, guided by consideration of (1) the location of the provision creating the obligation, (2) whether there are children whose support is in question, (3) whether the obligation is intended to balance the income of the parties, (4) whether the obligation is for payment of money, in gross or periodically, directly to the former spouse, (5) whether the former spouse is directly or only indirectly benefited, and (6) whether the obligation terminates on the death or remarriage of the former spouse. *See In re Maitlen*, 658 F.2d 466, 469–70 (7th Cir. 1981); *In re Woods*, 561 F.2d 27, 30–31 (7th Cir.1977). These factors are not exhaustive, and the Court may consider other evidence of what the court intended in its divorce orders. *See In re Coil*, 680 F.2d 1170, 1172 (7th Cir.1982).

8. Arguments that a debt cannot be in the nature of support because is it not owing directly to a former spouse or child, but to a third party creditor, are unlikely to succeed, as long as the debt is payable on behalf of a former spouse or child who would be responsible for the debt if it is not paid. *See In re Williams*, 703 F.2d 1055, 1057 (8th Cir.1983); *In re Spong*, 661 F.2d 6, 9–11 (2d Cir.1981); *In re Knabe*, 8 B.R. 53, 55 (Bankr.S.D.Ind.1980).

9. The Debtor contends that the divorce obligations, in spite of the description of the listed debts as support obligations, are all in fact dischargeable prop-

erty/debt settlement and that the attempts by Long and Whisler to enforce these obligations violate the discharge injunction of 11 U.S.C. section 524(a). This is an issue over which the state court has concurrent jurisdiction with the bankruptcy court. *See* 28 U.S.C. section 1334(b); *In re Orr*, 99 B.R. 109, 110 (Bankr.S.D.Fla.1989). There are already ongoing proceedings in the state court addressing the divorce obligations. True, the August 17, 1990, proceeding is to coerce collection, but there is no reason why the Debtor cannot interpose dischargeability as a defense and litigate the matter there. The Court believes the state court is in a better position to determine its intent in approving the agreement creating the divorce obligations and to decide if any are in fact mislabeled. Moreover, if the obligations are found to be in the nature of support, and thus nondischargeable, the state court has the jurisdiction to *modify* the support obligation if there has been a substantial and continuing change in circumstances since the award, *see* 31–1–11.5–17(a), which this Court lacks jurisdiction to do. This Court concludes that the state court has the jurisdiction to provide all parties to this dispute with more complete relief than this Court could, and that the matters presented by the Debtor's complaint should be litigated in state court with the other issues arising from the dissolution case.

The Court therefore RECOMMENDS that the District Court adopt this report and enter an order of abstention.

DATED, this 2nd day of August, 1990, at Indianapolis, Indiana.