**In re John William BRITTON, Debtor.**

**Rose Ann BRITTON, Plaintiff,**

v.

**John William BRITTON, Defendant.**

**Bankruptcy No. 84–40158.
Adv. No. 84–4017.**

United States Bankruptcy Court, N.D. Indiana, Hammond Division at Lafayette.

May 22, 1985.

Randall L. Vonderheide, Johnson & Vonderheide, P.C., Lafayette, Ind., for plaintiff.

Edward Chosnek, Pearlman & Chosnek, Lafayette, Ind., for defendant.

## ENTRY ON MOTION FOR SUMMARY JUDGMENT

ROBERT L. BAYT, Bankruptcy Judge.

This matter came before the Court on or about June 25, 1984, when the plaintiff, Rose Ann Britton, filed and served upon the debtor, John William Britton, a complaint to determine dischargeability of certain obligations set forth in a decree of dissolution of marriage between the plaintiff and the debtor. The debtor filed his answer alleging that the obligations in the decree relate to the disposition of property and do not constitute alimony, maintenance or support within the meaning of 11 U.S.C. § 523(a)(5). Thereafter, on or about January 21, 1985, the plaintiff filed her motion for summary judgment together with supporting affidavits and memorandum of law. The debtor has filed opposing memorandum of law in support of his position.

Pursuant to 11 U.S.C. § 523(a)(5), a debtor may not be discharged from a

debt to a former spouse that arose in connection with a divorce decree if that debt is for alimony or for support of the former spouse and/or children. However, the debt to a former spouse arising in connection with a divorce decree that relates to a division of the property is dischargeable. *In re Woods,* 561 F.2d 27 (7th Cir.1977). To determine whether the obligation is dischargeable, the Court must determine whether the decree intended the obligation to be maintenance of the spouse or to effect a division of property and debts.

The decree provided that the debtor was to pay the first mortgage obligation held by Logansport Savings and Loan Association and was to hold the plaintiff harmless until said mortgage is paid in full. The debtor was further ordered to pay the real estate taxes, fire and wind insurance premiums and the plaintiff's drug and medical bills incurred in connection with her then existing ailments, and ordered to perform various other obligations as indicated in the final decree.

At the time of the final decree, the plaintiff had several medical illnesses which resulted in partial disability and inability to obtain medical insurance coverage. As a result the parties agreed the debtor would continue to pay the plaintiff's medical expenses, would retain the plaintiff's insurance coverage and would also continue making the house payments as well as paying other expenses. The final decree also provided that the plaintiff was to devise the former marital residence to the debtor.

The most significant cash asset of the marriage was $14,182.75 which was obtained from the sale of a piece of marital real estate. The debtor received the proceeds and out of that amount he was to pay the second mortgage on the marital residence. The plaintiff received $2,000.00 from this fund as her separate property. At the time of the parties' dissolution, the debtor's income was approximately $29,000.00 per year and the plaintiff's income was approximately $5,252.00 per year after deduction for health insurance. The debtor's 1983 income was $37,836.00 and the plaintiff's income is presently $9,897.93 per year.

Under § 523(a)(5) a debt must meet three requirements to be nondischargeable. First, the debt must actually be for or in the nature of support. Next, the debt must be to a spouse or child. Finally, the debt must be "in connection with a separation agreement, divorce, or property settlement agreement". Here, there is no doubt that the obligations arise in connection with a final divorce decree. Therefore, a question remains only with the first two requirements.

There are several factors which the Court considers in making its determination as to dischargeability under § 523(a)(5). The first factor is whether the decree provided for payment directly to the spouse. *In re Woods, supra; See, e.g., White v. White* (1975), 167 Ind.App. 459, 338 N.E.2d 749. In this case, there were no provisions for payments directly to the plaintiff. Rather, the obligations were to benefit her indirectly through the payment of certain expenses.

For example, the decree provided that the debtor was to pay off the mortgage on the marital residence. The plaintiff argues that the trial court intended the debtor to provide a life-long residence for her. However, there was nothing in the decree preventing the plaintiff from selling the real estate or putting a mortgage on it, in which case the plaintiff may not always have possession of the residence. Also, had the debtor had the money, he could have paid off the indebtedness immediately, thus, relieving himself of that debt. Consequently, the plaintiff's assumption that the trial court intended her to have a life-long residence is incorrect. Furthermore, the Seventh Circuit has found that where the spouse benefits indirectly as opposed to directly through payment to her personally, the benefit is seen as too tenuous to be classified as support or alimony. *See In re Woods, supra,* at 30.

Next, the decree makes no provision for payment of a fixed sum or periodic

payment to the plaintiff, which is usually necessary in order to find that the obligation is support or alimony. *Id.* Another factor is whether the provisions creating the obligations occur in the midst of other property-allocating provisions. Here, they do occur in the midst of the provisions allocating the property between the parties. The Bankruptcy Court, however, is not required to accept as determinative those statements in the decree that designate certain debts to be in the nature of alimony or property settlement. Instead, the Court looks to the substance of the decree to see if the obligations were necessary for the support and maintenance of the spouse. *In re Kiggins* (1983), 26 B.R. 821, 824.

■ This brings us to the next factor under consideration. In Indiana, an allocation to the wife based upon her relative income is tantamount to finding an award to be in the nature of support. *Nichols v. Hensler* (1976), 528 F.2d 304. The facts of this case show that there was a wide discrepancy in the relative incomes of the two parties at the time of their divorce and that in all likelihood this discrepancy still remains since the plaintiff's income is presently $9,897.93 per year and in 1983 the debtor's income was $37,836.00. A discrepancy in income tends to support the conclusion that the provisions are in the nature of alimony. However, in this case, the trial court was merely trying to adjust the property distribution in light of the variance in incomes. The trial court did this by having the debtor assume most of the indebtedness and allowing the plaintiff to receive the bulk of the assets. This conclusion is supported by the previously considered factors and, especially, in light of the fact that there was no provision for a payment in gross or periodic payments to the plaintiff. The decree provides for distribution of the marital property with the plaintiff receiving most of the mutual possessions and the debtor assuming most of the mutual debts.

Lastly, the plaintiff maintains that because she was partially disabled at the time of the dissolution decree, the debtor agreed to maintain her by paying certain of her expenses. The debtor, in his affidavit, acknowledges that the plaintiff suffered from several medical ailments, but denies that the plaintiff was partially disabled and that he agreed to any obligations of support due to the plaintiff's illness.

The decree provided that the debtor pay for the plaintiff's medical expenses with no specific terminate date. This obligation is difficult to categorize since it remains in effect for an indefinite period of time. However, this Court finds that the uncertainty as to how long the obligation will exist coupled with the discrepancy in incomes indicates that the trial court intended this obligation to be in the nature of support.

Accordingly, except for this one provision requiring payment of the plaintiff's medical expenses, the obligations set forth in the divorce decree are in the nature of a property settlement agreement and are thus dischargeable.