**In re Richard Thomas MIZEN, Debtor.**

**Roxanne G. ROBBINS, Plaintiff,**

**v.**

**Richard Thomas MIZEN, Defendant.**

**Bankruptcy No. 86–0206.
Related Case 86–01186.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

March 20, 1987.

B. Mark Davis, Tiffin, Ohio, for plaintiff.

Warren G. Wolf, Tiffin, Ohio, for defendant.

## MEMORANDUM OPINION
## AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on Plaintiff's Complaint to Determine Dischargeability in the above entitled adversary action. The Court conducted a Pre-Trial in this matter, at which time the parties agreed that the issues addressed in the Complaint are primarily issues of law. They also agreed that the Court may enter a ruling in this case based solely upon the written arguments of counsel. The parties have filed such arguments and have had the opportunity to respond to the arguments put forward by opposing counsel. The Court has reviewed the written arguments, the relevant case law, and the entire record in this case. Based on that review, and for the following reasons, the Court finds that the debt is nondischargeable.

### FACTS

The Plaintiff, Roxanne G. Robbins, is the former spouse of the Defendant, Richard Thomas Mizen. The parties were married in Tiffin, Ohio, on November 21, 1970. Two children were born of the marriage. One child was born in 1974, the other in 1980.

The parties' marriage was dissolved by Journal Entry in the Seneca County Common Pleas Court, on October 26, 1983. Under the terms of the separation agreement entered into by the parties, and incorporated into the Court's Decree, the Plaintiff received the marital residence and assumed sole responsibility for payment of the first mortgage with Citizen Savings and Loan. During their marriage, the parties had taken out a second mortgage with Society National Bank (now Toledo Trust), and had jointly executed a note for the second mortgage obligation. By the terms of the separation agreement, the Defendant agreed to "be solely responsible for all payments on the debt to Society National Bank and shall indemnify and save and hold harmless Wife therefrom."

According to the Debtor's schedules, the amount owed on the second mortgage was $4,678.00. Because of the Debtor's default on the payments, the Plaintiff has had to make the subject mortgage payments from her own income. The Plaintiff and her children have lived in the house since the time of the dissolution. The Plaintiff has remarried, but her current spouse maintains a separate residence. Plaintiff works as a bank teller at Toledo Trust.

On June 11, 1986, Defendant-Debtor filed for relief under 11 U.S.C. Chapter 7. Mr. Mizen has listed the second mortgage as an unsecured debt on his bankruptcy petition, and seeks to have the indebtedness discharged. On his schedules, Mr. Mizen lists his occupation as "laborer-sprayer", with income in 1985 of $28,000.

### LAW

The issue raised by this proceeding is whether or not the second mortgage is dischargeable by the Debtor in bankruptcy. The provisions of 11 U.S.C. Section 523(a)(5) state in pertinent part:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record or property settlement agreement, but not to the extent that—
(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support ...

Under this provision, those obligations which are imposed by a divorce decree, and which are in the nature of alimony, maintenance, or support, are not dischargeable in a proceeding under Chapter 7. However, the Bankruptcy Court is not required to

accept the terms of a divorce decree as determinative as to whether particular obligations are property settlements, or, alternatively, in the nature of alimony, maintenance, or support. *In re Conrad*, 33 B.R. 601 (Bankr.N.D.Ohio 1983).

■ The initial inquiry is to ascertain whether the state court, or the parties to the divorce, intended to create an obligation to provide support. *In re Calhoun*, 715 F.2d 1103, 1109 (6th Cir.1983). In the case at bar, the second mortgage assists in providing shelter to the Debtor's former wife and his two minor children. Even if the Court were to assume, *arguendo*, that the Plaintiff was not personally entitled to "alimony, maintenance, or support", providing a home for the Debtor's minor children is certainly a support obligation. The Court also notes that the presence of minor children is a factor considered, under Ohio law, by the Domestic Relations Court in setting alimony, and, of course, child support. Additionally, the Plaintiff and the Defendant were certainly aware of the fact that they had minor children when they entered into the agreement. Consequently, the Court must conclude that the state court, and the parties, intended to create an obligation to provide support, at least for the children, through the second mortgage obligation of the Debtor.

Further, as this Court has stated previously, the Debtor's duty to his former family does not end upon divorce. Prior decisions have consistently recognized that a significant part of the duty that is owed by a debor to his or her former family is the provision of an adequate place to live. *In re Conrad*, at 603; *In re Voss*, 20 B.R. 598 (Bankr.N.D.Iowa 1982).

In light of the above, the Court must also find that the payment of the second mortgage has the actual effect of providing necessary support. The Plaintiff is responsible for the first mortgage, taxes, insurance and other expenses with respect to the real estate. The Debtor's obligation to pay the second mortgage appears to provide assistance to the Debtor's former family in keeping and maintaining their residence. In addition, reviewing the amount of the obligation and the Debtor's income, the Court does not believe that the amount is so excessive as to be unreasonable under traditional concepts of support. *In re Singer*, 787 F.2d 1033, 1036 (6th Cir.1986) (Guy, J., concurring).

For the above reasons, primarily the fact that the Plaintiff and the children are living in the house in question, the second mortgage payments are properly characterized as support, and are therefore nondischargeable. *In re Kiggins*, 26 B.R. 821, 824 (Bankr.N.D.Ohio 1983); *In re Smotherman*, 30 B.R. 568, 570 (Bankr.N.D.Ohio 1983).

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that Judgment be, and is hereby GRANTED to the Plaintiff.

It is FURTHER ORDERED that the debt to the Plaintiff for the second mortgage payments, totalling $4,678.00 plus actual interest accruing pursuant to the second mortgage, be, and is hereby, found to be nondischargeable under 11 U.S.C. 523(a)(5).