In re Jeffrey P. HOIVIK, a/k/a, d/b/a Hoivik Dental Lab., Tri-State Dental Lab, Debtor.

Susan HOIVIK–OLSON, Plaintiff,

v.

Jeffrey P. HOIVIK, a/k/a, d/b/a Hoivik Dental Lab, Tri-State Dental Lab, Defendant.

Bankruptcy No. SU7–86–02143.

Adv. No. 86–301–7.

United States Bankruptcy Court, W.D. Wisconsin.

July 1, 1987.

Glenn Cunningham, Superior, Wis., for plaintiff.

Marc Ashley, Superior, Wis., for defendant.

## MEMORANDUM OPINION, FINDINGS OF FACT, AND CONCLUSIONS OF LAW

THOMAS S. UTSCHIG, Bankruptcy Judge.

The plaintiff, by Glen Cunningham, has filed a complaint initiating this adversary proceeding in accordance with 11 U.S.C. § 523(a)(5) and Bankruptcy Rule 4007 seeking to have an obligation incurred by the debtor pursuant to a judgment of divorce excepted from discharge. The debtor appears by Marc Ashley and contests the complaint. A pre-trial conference was held in this matter on January 8, 1987, and the parties have submitted the issues to the court for determination through briefs.

The marriage between the plaintiff and the debtor was dissolved by a written judgment of divorce dated February 19, 1985. The plaintiff was granted custody of the three children of the marriage subject to the right of reasonable visitation to the debtor. As a part of said judgment the debtor was ordered to pay certain sums of money to or on behalf of the plaintiff. The debtor was not able to pay all of the obligations awarded in the judgment of divorce and the plaintiff took a judgment for amounts not paid on July 25, 1986. The debtor continued to suffer financial difficulties and filed a petition for relief under

Chapter 7 of the Bankruptcy Code on September 4, 1986.

The parties are in disagreement as to what parts of the obligation created by the judgment of divorce may be discharged in the debtor's bankruptcy case.

■■■ § 523(a)(5) of the Bankruptcy Code provides:

§ 553 Exceptions to discharge.

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

The burden of proof under this section of the Bankruptcy Code is on the party objecting to the discharge of the obligation. *In re Bailey*, 20 B.R. 906, 909 (Bankr.W.D. Wis.1982). The issue of what constitutes alimony, maintenance, or support is a question of federal law, and not state law. *In re Rodriguez*, 22 B.R. 309, 310 (Bankr.W. D.Wis.1982); *In re Maitlen*, 658 F.2d 466 (7th Cir.1981); *Shaver v. Shaver*, 736 F.2d 1314 (9th Cir.1984). Section 523(a)(5) of the Bankruptcy Code attempts to balance the bankruptcy policy of the "fresh start" with the state policy of enforcing support obli-

gations. Some of the state concerns involved are: 1) protection of a spouse lacking in job skills, 2) protection of minor children both in the financial sense and from neglect should the custodial spouse be forced to enter the job market, and 3) protection of society as a whole should debtors be able to avoid familial responsibilities. *Shaver v. Shaver*, 736 F.2d 1314, 1316 (9th Cir.1984). Generally, the burden has been placed on the Bankruptcy Court to look beyond the language of the award and determine the substance of the obligation. *In re Maitlen*, 658 F.2d 466 (7th Cir.1981); *Shaver v. Shaver*, 736 F.2d 1314, 1316 (9th Cir.1984). If the obligation is in the nature of support it is not dischargeable; if it is in the nature of property division it is dischargeable. Two types of evidence used by courts in determining the nature of an award are (a) the form of the award, and (b) whether the need for support exists. *In re Vande Zande*, 22 B.R. 328 (Bankr.W.D. Wis.1982).

The judgment of divorce provided in pertinent part that:

2. That the petitioner shall be granted the custody and control of the minor children subject to the right of reasonable visitation to the respondent.

3. That the respondent shall pay the sum of $720.00 toward the support of the minor children of the parties. Such payment shall be made to the Clerk of Courts in monthly installments of $720.00 on the 1st of each month, commencing on April 1, 1985. (767.265). This order constitutes an assignment which shall become effective upon the respondent's failure to make and establish payment as ordered by this court and as defined by Sec. 767.265 Wis.Stats.

4. That the respondent shall pay maintenance payments of $250.00 per month for petitioner for the term of 48 months unless earlier terminated in accordance with law. (767.26).

5. That the arrears of temporary family support shall be fixed at $550.00 which respondent shall pay as follows: within 12 months of this date.

6. That as a complete and final property division each party shall have free and clear of any liens or claims on the part of the other party to this action;

That the petitioner shall be awarded:

All of her personal effects and belongings.

1979 Chrysler automobile valued at $5,900.00

Household goods

On April 1, 1989 petitioner shall receive the additional sum of $8,800.00 from respondent. Said amount shall be paid without interest. Any default of said payment shall bear interest at 12% per annum.

Home of the parties valued at $44,000.00 more particularly described as: North One-half (N½) of the South One-half (S½) of the Southeast One-fourth (SE¼) of the Northwest One-fourth (NW¼), Section 33, Township 47, Range 14, Douglas County, Wisconsin. subject to the mortgage to the Superior Savings & Loans which she will assume, however, the respondent shall make all house payments through March 1985.

That the respondent shall be awarded:

Hoivik Dental Lab valued at $54,400.00

1982 Grand Prix valued at $2,000.00

1978 Toyota valued at $1,500.00

1978 Cessna (share) valued at $3,500.00

Tractor valued at $1,000.00

New York Life Insurance (2 policies) valued at $2,000.00

Twenty shares of MP & L stock valued at $600.00

The respondent may claim the children as income tax dependant's while the petitioner is not working

7. That the respondent shall be responsible and hold the petitioner harmless for the necessary payments on the debts and obligations of the parties, incurred before the commencement of this action.

8. That the children shall not be removed from Wisconsin for residence purposes or for any substantial period of time without permission of the court or written consent of the party not having custody, filed with the Clerk of Courts.

9. That respondent shall from this date on continue and maintain all medical and hospitalization insurance coverage applicable to for the minor children of the parties through his employment, and make all necessary premium payments. Respondent shall at all times provide petitioner and Clerk of Courts with proof of such insurance and the identification numbers thereof. Whenever respondent is self-employed, he shall carry such insurance on a direct basis. If respondent does not now have such insurance, he shall obtain the same forthwith.

The plaintiff now seeks to have some of these debts excepted from discharge as being non-dischargeable obligations for alimony, maintenance or support. These can be broken down into four distinct obligations:

a) $1,108.00 for house payments in February and March of 1985 and which the debtor was obligated to pay under paragraph 6 of the judgment of divorce.

b) $4,027.40 for real estate taxes on the homestead for the years of 1982 and 1983.

c) $1,183.00 for a dining room set and a medical expense that were incurred prior to the divorce which the plaintiff was obligated to pay under paragraph 7 of the judgment of divorce.

d) $2,301.25 on a home improvement loan from HUD, payable through Superior Savings & Loan, which was apparently a joint debt of the parties.

The debtor concedes that the obligations set out in paragraphs 3, 4, and 5 of the judgment of divorce are excepted from his bankruptcy discharge. Apparently the debtor presently owes $1,990 in child support and $3,000 in maintenance payments. The debtor admits that these amounts are non-dischargeable. However, the debtor argues that the obligations listed in paragraphs a through d above are not in the nature of alimony, maintenance or support and should be discharged. The plaintiff contends that the awards were based on the disparity of the parties' income poten-

tial at the time of the divorce and that they are not dischargeable.

 The obligation of $1,108 for 2 house payments was set forth in paragraph 6 of the judgment of divorce. This paragraph starts with the phrase "That as a complete and final property division...." When reading the judgment as a whole, and considering the facts and circumstances involved at the time of the divorce, it would appear that this obligation for house payments was in the nature of property division.

 The other three obligations which are in dispute were awarded under paragraph 7 of the judgment of divorce. This is the paragraph wherein the debtor was to hold the plaintiff harmless for the marital obligations. This paragraph was not characterized as either property division or support in the judgment itself. Paragraph 7 has some of the characteristics of both property division and support. However, it appears that the debtor was obligated to pay almost $1,000 a month in support obligations under paragraphs 3 and 4 of the judgment of divorce. At the time of the divorce the debtor had a yearly net income of $24,000. When considering the income of the debtor, the property distributed in the divorce, the necessity for support at the time of the divorce, and the amount of the support obligations awarded in paragraphs 3 and 4, it appears that the obligations involved in this dispute are in the nature of property division between the parties.

The four obligations involved in this dispute were not awarded for the purpose of balancing the income of the respective parties. Instead, these obligations relate directly to the preservation of equity in the property awarded to the plaintiff. Hence, all four of the obligations were in the nature of a property division. They were not intended for and do not constitute alimony, maintenance, or support. These obligations are fully subject to discharge in the debtor's bankruptcy.

It is the conclusion of the court based on a consideration of the complete judgment of divorce and the circumstances of the parties, that the four obligations involved in this dispute are dischargeable in the debtor's bankruptcy case.

This opinion shall constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.