[No. A047714. First Dist., Div. Four. Oct. 24, 1990.]

In re the Marriage of IRENE MARY and JOHN ERWIN
HENDERSON.
JOHN ERWIN HENDERSON III, Appellant, v.
IRENE MARY HENDERSON, Respondent.

**COUNSEL**

Elaine Profant-Turner and John R. Stokes III, Deputy District Attorney, for Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Morris Beatus and Josanna Berkow, Deputy Attorneys General, for Respondent.

**OPINION**

**ANDERSON, P. J.**—The marriage of John Erwin Henderson III (appellant) and Irene Mary Henderson (respondent) was legally dissolved on March 21, 1972. Respondent received custody of Kenneth R. Henderson, born September 4, 1966, and Maureen M. Henderson, born October 23, 1968. Appellant was ordered by the court to pay $50 per month per child directly to the "Humboldt County Family Trust Fund" for the support of his children.

On May 8, 1981, the Santa Clara County Sheriff's Office delivered an earnings withholding order for support to appellant's employer which resulted in partial satisfaction[1] of a $13,250 money judgment[2] the county's family support division had obtained against appellant.

Appellant filed a chapter 7 bankruptcy petition on September 17, 1981, and listed Humboldt County as an unsecured creditor without priority. The debt amounted to $7,100.35. He was "released from all dischargeable debts" on February 10, 1982.

The Humboldt County family support division filed an application for a renewal of judgment on April 7, 1989. The amount of judgment was listed as $13,395; interest amounted to $8,383.03 for a total of $21,778.03. Appellant moved to vacate the renewal on the grounds that part of the debt had been discharged in bankruptcy and that the amount of the judgment was incorrect. The motion was denied and appellant appeals from that ruling.

### I. United States Bankruptcy Court Shares Concurrent Jurisdiction With State Court Over the Debt at Issue

Appellant contends that $7,100.35 of his debt to the Humboldt County family support division was discharged in the chapter 7 proceeding. The County contends that the $7,100.35 in child support arrearages was not discharged because according to 11 United States Code[3] section 523(a)(5), child support obligations are nondischargeable. Even debts that have been "assigned pursuant to section 402(a)(26) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State

---

[1] The sheriff collected $100.85 and deducted $10 for fees and expenses. However, it was indicated that $992.85 was applied in partial satisfaction of the writ. We cannot explain this discrepancy.

[2] The principal judgment had been $13,250, but $6,149.65 had been credited to that amount. Therefore, at the time of the delivery of the writ, appellant owed $7,100.35.

[3] Unless otherwise indicated, all further statutory references are to 11 United States Code.

or any political subdivision of such State . . ." are nondischargeable. (See § 523(a)(5)(A).)

While a creditor disputing the dischargeability of its debt under section 523(a)(2), (4), or (6) must file an objection to discharge in a bankruptcy court (see § 523(c) and Rules of Bankruptcy Proc., rule 4007(c)), a creditor with a debt listed as nondischargeable under section 523(a)(1), (3), *(5)*, (7), (8) or (9) may bring suit on its claim in any appropriate *nonbankruptcy forum*, even after the close of the prior bankruptcy proceeding. (See Advisory Com. Note, Rules of Bankruptcy Proc., rule 4007; *In re Galbreath* (B.C. S.D.Ill. 1988) 83 B.R. 549 [17 B.C.D. 443].)

Since appellant does not dispute the nature of his debt and because his debt is nondischargeable, Humboldt County correctly sought renewal of judgment in state court.

## II. *It Is Not Necessary to Petition the Bankruptcy Court to Revoke the Discharge at Issue*

■ Appellant contends that before Humboldt County may renew its judgment against him for child support arrearages, it must first petition the bankruptcy court to revoke the $7,100.35 which was allegedly discharged. Such a procedure is unnecessary because there is nothing to revoke.

It is true that Humboldt County was on appellant's schedule A-3 (list of unsecured creditors) which was approved for discharge. However, "[a] bankruptcy discharge may or may not result in a debtor being freed of all creditors' claims . . . ." Congress has determined that certain obligations may still be owed based upon certain policy reasons. (See Cowans, Bankruptcy Law and Practice (1989) § 5.17, p. 592.)

Nondischargeable debts are listed in section 523, *and* appellant's bankruptcy order states that he is "released from all *dischargeable* debts." (Italics added.) Because child support is the type of section 523 debt which is "self-operating," it is not necessary for the bankruptcy court to determine its nondischargeability simply because a debtor lists it. (See Lebowitz, Bankruptcy Deskbook (1988) pp. 383-384.) Therefore, it is inconsequential that Humboldt County did not object to appellant's discharge: its rights to the child support arrearages were intact whether it filed a formal objection or not. (See *In re Galbreath, supra,* 83 B.R. at p. 549.)

We further add that simply listing Humboldt County on the bankruptcy petition was not tantamount to a request that the bankruptcy court determine the dischargeability of the debt. Rules of Bankruptcy Procedure, rule

4007 specifically requires that a request to determine dischargeability take the form of an adversary proceeding, i.e., a complaint must be filed. (See *In re Galbreath, supra,* 83 B.R. at p. 549.) Therefore, if a debtor suspects that a dispute may later arise as to a debt that he wishes to discharge, he should request the bankruptcy court to investigate the possibility of the nondischargeability of his debt.

### III.  *Discrepancy in Amount of Renewed Judgment*

Pursuant to Code of Civil Procedure section 683.170, the renewal of a judgment may be vacated on the ground that the amount of the renewal is incorrect. Subdivision (c) of Code of Civil Procedure section 683.170, further declares that a renewal may be vacated, "and another and different renewal may be entered, including, but not limited to, the renewal of the judgment in a different amount if the decision of the court is that the judgment creditor is entitled to renewal in a different amount."

We find that the record of this case does not reflect adequately how and in what manner appellant's debts were calculated. For example, according to Humboldt County's writ of execution which was dated April 1, 1981, but not filed until February 17, 1982, appellant owed $7,100.35 and no interest was calculated. On April 7, 1989, the county applied for a renewal of judgment in the amount of $21,778.03. That amount reflected a principal of $13,395 and interest of $8,383.03, but did not seem to reflect a partial payment collected by the Santa Clara County Sheriff's Office on February 2, 1982. Additionally, there appears to be a calculation error on the face of this writ wherein $100.85 was collected, $10 in fees was deducted and $992.85 was applied in partial satisfaction. These numbers simply do not add up. Finally, the declaration of Nancy J. Reed (family support officer in Humboldt County) calculates a balance due of $13,395. However, when we recalculate Ms. Reed's numbers, the *actual* total of balances due from April 1979 to March 1989 is $13,325.

Because these various discrepancies are not explained on the record, we remand for a determination of the correct amount of the renewal of judgment.

### IV.  *Disposition*

We find that the motion to vacate the renewal of judgment on the grounds it was partially discharged in bankruptcy, was properly denied. However, because the record does not support the accuracy of the amount

of the renewal judgment, we remand to calculate the correct indebtedness and to enter judgment accordingly. Costs to appellant.

Perley, J., and Reardon, J., concurred.