**Gary Vernon HOWARD, Appellant–Petitioner Below,**

v.

**Teresa (Howard) MOORE, Appellee–Respondent Below.**

No. 29A02–9009–CV–00550 [1].

Court of Appeals of Indiana, Third District.

Nov. 14, 1991.

---

1. This case was diverted to this office by order of the Chief Judge.

Richard K. Tardy, Noblesville, for appellant.

Melvin A. Richards, Eric J. Benner, Richards, Boje & Pickering, Noblesville, for appellee.

STATON, Judge.

Gary Howard appeals the trial court determination that certain obligations Howard owes to his ex-wife Teresa Moore as a result of a dissolution proceeding are not dischargeable in bankruptcy. He now raises four issues for our review, restated here as:

 I. Whether the trial court determination is supported by sufficient findings and conclusions from the underlying dissolution action.

 II. Whether the trial court erred by failing to discharge the award of maintenance.

 III. Whether the trial court erred by failing to discharge a second mortgage obligation.

 IV. Whether the trial court erred by failing to discharge the award of attorney's fees.

Affirmed in part, reversed and remanded in part.

The facts of this case are not in dispute. On October 12, 1989, the trial court dis-

solved the parties' marriage. Howard filed his voluntary petition in bankruptcy under Chapter 7 of the United States Bankruptcy Code on April 5, 1990, seeking discharge of the obligations that are the subject of this appeal. Moore filed a motion for a determination of dischargeability with the trial court. After a hearing, the trial court entered the following order:

> Comes now the wife, by counsel, having filed her Motion for Determination of Nondischargeability which reads in the words and figures following, to-wit: (H.I.)
>
> AND THE COURT BEING DULY ADVISED, now determines that the obligations of husband to wife for maintenance, a second mortgage payment on the former marital residence, and attorney's fees are nondischargeable pursuant to USC Section 523(a)(5) of the bankruptcy code.
>
> SO ORDERED this 13th day of August, 1990.

Record, p. 123.[2]

## I. STANDARD FOR DISCHARGEABILITY OF DEBTS

Resolution of this appeal turns upon a provision of the bankruptcy code which exempts from discharge a debt:

> to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—
>
> \* \* \* \* \* \*
>
> (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support[.]

11 U.S.C. § 523(a)(5) (1988 & Supp.1991) (hereinafter, Section 523(a)(5)).

 The characterization of an allegedly nondischargeable debt as alimony, maintenance, or support must be made under federal bankruptcy law, rather than state law. *Hopkins v. Hopkins* (N.M.App. 1989), 109 N.M. 233, 784 P.2d 420. However, the court may be guided by considerations of state law in its analysis. *In re Wisniewski* (Bkrtcy.E.D.Wis.1990), 109 B.R. 926; *Deichert v. Deichert* (1991), 402 Pa.Super. 415, 587 A.2d 319. Because dischargeability is a question of law, we will employ the same standard of review as would a federal appellate court. Thus, we will review the trial court's legal conclusions *de novo*. *Bicknell v. Stanley* (Bkrtcy.S.D.Ind.1990), 118 B.R. 652.

 A debt is discharged in bankruptcy unless it is specifically excepted from discharge by statute. *In re Marino* (N.D.Ind.1983), 29 B.R. 797. A creditor objecting to the discharge of debt under Section 523(a)(5) bears the heavy burden of proof to establish, by a preponderance of the evidence, that the debt falls squarely within the statutory exception. *In re Slingerland* (Bkrtcy.S.D.Ill.1988), 87 B.R. 981; *In re Schmidt* (Bkrtcy.N.D.Ind.1986), 70 B.R. 634. Exceptions to discharge must be strictly construed against the creditor, and liberally construed in the debtor's favor, in order to afford the debtor a fresh start. *In re Tackett* (Bkrtcy.N.D.Ind. 1986), 66 B.R. 77. In a case of nondischargeability under Section 523(a)(5), however, the court must balance the policy of the "fresh start" with state policies enforcing support obligations. *In re Hoivik* (Bkrtcy.W.D.Wis.1987), 79 B.R. 401. The concerns cited in the *Hoivik* case are:

> 1) protection of a spouse lacking in job skills, 2) protection of minor children both in the financial sense and from neglect should the custodial spouse be

---

**2.** The trial court had jurisdiction concurrent with the bankruptcy court in this matter. *See* 11 U.S.C. § 523(c) (dischargeability of debts under Section 523(a)(2), (4) and (6) *must* be filed in bankruptcy courts); Rules of Bankruptcy Procedure, Rule 4007(b) advisory committee note; *In re Reak* (Bkrtcy.E.D.Wis.1988), 92 B.R. 804; *In re Marriage of Henderson* (1990), 225 Cal.App.3d 531, 275 Cal.Rptr. 226, *opinion modified; Buccino v. Buccino* (1990), 397 Pa.Super. 241, 580 A.2d 13.

forced to enter the job market, and 3) protection of society as a whole should debtors be able to avoid familial responsibilities.

*Id.* at 402 (citing *Shaver v. Shaver* (9th Cir.1984), 736 F.2d 1314, 1316).

Howard first contends that Moore cannot possibly meet her burden of establishing the nondischargeability of the debts because the trial court made no findings of fact or conclusions of law in its order granting dissolution. However, it does not appear that either party to the dissolution proceeding requested special findings of fact pursuant to Ind. Rules of Procedure, Trial Rule 52(A), and special findings are not required in dissolution cases. *Coster v. Coster* (1983), Ind.App., 452 N.E.2d 397. Howard does not cite to any federal bankruptcy case where special findings in the dissolution decree were prerequisite to exempting debts from discharge, and we are unable to find such a case.

Generally, two types of evidence are used by courts in determining the nature of an award: (1) the form of the award, and (2) whether the need for the award exists. *Hoivik, supra,* at 402. This court is not constrained to examine the language of the order alone; rather, the court is free to examine other evidence in the record indicating what the divorce court intended. *Matter of Coil* (7th Cir.1982), 680 F.2d 1170; *Matter of Life Science Church of River Park* (Bkrtcy.N.D.Ind.1983), 34 B.R. 529. In the appeal before this court, the record includes an eight page divorce decree and transcripts from two hearings in the court below. We do not believe the absence of special findings in the dissolution proceeding is fatal to Moore's challenge to the dischargeability of the disputed obligations.

To determine whether an obligation to a former spouse is dischargeable in bankruptcy, the court must determine whether the dissolution decree intended the obligation to be maintenance for the spouse or to effect a division of property and debts. *In re Britton* (Bkrtcy.N.D.Ind. 1985), 51 B.R. 323. An obligation that is in the nature of a property division is dis-

chargeable in bankruptcy. *Coil, supra,* at 1171. In determining what constitutes alimony, maintenance or support for purposes of dischargeability, the court is not bound by labels imposed by state law. *Slingerland, supra,* at 984. We now examine each of the disputed debts in turn.

## II. MAINTENANCE/SUPPORT OBLIGATION

The dissolution decree entered by the trial court contained the following provision:

7. The respondent [Moore] shall receive an alimony/maintenance judgment in her favor and against the petitioner in the total sum of Ten thousand eighty dollars ($10,080.00), which shall be paid by petitioner to respondent at the rate of One hundred forty dollars ($140.00) per month for a period of seventy-two months, commencing October 1, 1989, until paid in full.

Record, p. 20.

Howard contends that this "alimony/maintenance judgment" actually amounts to a division of property that is dischargeable in bankruptcy, primarily because there is no Indiana law authorizing maintenance of the type awarded in this case. However, the question of what constitutes alimony or support, for bankruptcy purposes, is to be determined under federal law, not state law. *Matter of Story* (Bkrtcy.M.D.Fla.1983), 36 B.R. 546; *Hixson v. Hixson* (Bkrtcy.S.D.Ohio 1982), 23 B.R. 492. As Howard acknowledges, a court applying federal law in this area is not bound by labels imposed by state law. *Slingerland, supra,* at 984. Therefore, we will review federal bankruptcy law to determine whether the awards in this case are "in the nature of" alimony, maintenance or support.

At the federal level, several factors are considered to determine whether an obligation stemming from a divorce decree is in the nature of alimony, support or maintenance, or whether it is in fact a property settlement. These factors include (1) whether the obligation is subject to con-

tingencies such as remarriage or death, (2) the nature of the obligation assumed (i.e., for necessaries or luxuries), (3) the structure of the terms of the final decree, (4) whether the payment appears to balance disparate incomes (and the "earnings potential" of each party), (5) whether the obligation is designed to rehabilitate or to assist the spouse's rehabilitation after the divorce, (6) whether the obligation is payable in installments or in a lump sum, (7) whether there are minor children in need of support, (8) whether there was an actual need for support at the time it was awarded, (9) the adequacy of support without the award, (10) whether the award is modifiable, (11) the manner of enforcement of the award (i.e., by contempt or by execution and levy), (12) and whether there was a division of property and allocation of debts between the parties. *Matter of Woods* (7th Cir.1977), 561 F.2d 27; *In re Pattie* (Bkrtcy.M.D.Fla.1990), 112 B.R. 437; *In re Young* (Bkrtcy.D.R.I.1987), 72 B.R. 450. While none of these factors, taken alone, is controlling, they should be considered together in determining the nature of the obligation. *Pattie, supra*, at 439.

■ Considering the factors above, it is clear that the obligation designated "alimony/maintenance" is in the nature of alimony, support or maintenance. The debt was ordered to be payed in monthly installments as opposed to a lump sum. Moore was the custodial parent of the parties' two minor children, Matthew, age 6, and Mitchell, age 8. The record demonstrates that, prior to the entry of the final decree, Moore was granted preliminary support for the children of $182.70 weekly, with Howard paying the mortgage and expenses on the marital residence in which Moore and the children were residing. This order was modified to award Moore $451.00 weekly, but Moore was required to pay the mortgage on the home. The final decree ordered support payments of $192.85, but also required Moore to pay the mortgage. Child support guidelines in effect at the time of the dissolution would have supported a total award of approximately $300.00 weekly. Evidence also indicated that Howard was in arrears on preliminary support payments. Thus, the award of $140.00 monthly was clearly in the nature of support, as Moore was charged with keeping and maintaining the family residence. Without question, federal law excepts such obligations from discharge in bankruptcy. *See, e.g., In re Mizen* (Bkrtcy. N.D.Ohio 1987), 72 B.R. 251.

■ Additionally, we note that Howard was earning approximately $800.00 weekly just prior to the entry of dissolution. Moore, on the other hand, was earning little, and at the time of the divorce was going to school to complete her degree. Thus, the award could be considered in the nature of rehabilitative maintenance as well as support. Whether the award of maintenance was improper under Indiana law is not a question before us at this time. A challenge to the propriety of a maintenance award must be made by appealing the award or by petitioning for modification of the award. *See, e.g., Beeson v. Beeson* (1989), Ind.App., 538 N.E.2d 293; *Pfenninger v. Pfenninger* (1984), Ind.App., 463 N.E.2d 1115.

Even were we to designate the obligation as "alimony," which is no longer recognized in Indiana, the result would be no different. As stated above, in applying federal bankruptcy laws, we are not bound by the label a state attaches to an award. *Slingerland, supra*, at 984. The award is "in the nature of" alimony. *See Erspan v. Badgett* (5th Cir.1981), 647 F.2d 550, 555, *cert. denied* (1982) 455 U.S. 945, 102 S.Ct. 1443, 71 L.Ed.2d 658 (award containing elements of "alimony substitute, support or maintenance, however termed," held nondischargeable in bankruptcy, notwithstanding the fact that award was not "alimony" under state law); *see also In re Maitlen* (7th Cir.1981), 658 F.2d 466, 468, *reh'g denied*. The trial court correctly held that the award for "alimony/maintenance" was nondischargeable under Section 523(a)(5).

### III. SECOND MORTGAGE

■ Howard next contends that his obligation under a second mortgage on the marital residence is a dischargeable debt

because it is in the nature of a division of property. In support of his argument he cites *Britton, supra,* where the court ruled that the debtor's obligation to pay the first mortgage on the marital residence was dischargeable in bankruptcy. 51 B.R. 323, 326. In *Britton,* the creditor argued that the intent of the dissolution decree was for the debtor to provide her with a life-long residence. The court found that, despite the parties' disparate incomes, the obligation was in the nature of a property division because there was nothing in the decree to prevent the creditor from selling the real estate or putting a mortgage on the property, in which case someone else would own the property. *Id.* at 325.

In the appeal before us, there is a further consideration: that of providing the minor children with a family residence. This concern was not at issue in *Britton.* This concern was, however, a factor in *Mizen, supra,* in which the court ruled that the debtor's obligation to pay a second mortgage on the marital residence was not dischargeable. In *Mizen,* the court repeated the holdings of prior cases recognizing that "a significant part of the duty that is owed by a debtor to his or her former family is the provision of an adequate place to live." 72 B.R. 251, 253. As in this case, the custodial spouse in *Mizen* was responsible for the first mortgage and other expenses associated with the real estate. Considering the parties' disparate earnings potential along with the amount of support and maintenance awarded in this case, it was not erroneous for the trial court to conclude that the second mortgage obligation was in the nature of support.

## IV. ATTORNEY'S FEES

Lastly, Howard argues that the trial court erred by failing to rule that attorney's fees in connection with the dissolution proceeding were dischargeable, contending that an award of attorney's fees in Indiana must be premised upon statutory authority. While we do not disagree with Howard's interpretation of Indiana law, it is federal bankruptcy law we must apply in this case. *In re Hall* (Bkrtcy.M.D.Fla. 1990), 119 B.R. 272, 275 ("What is or what

is not within the exception to discharge within the provisions of § 523(a)(5) must be determined with reference to federal bankruptcy law, and not by the laws used or with reference to local law."); *Matter of Vande Zande* (Bkrtcy.W.D.Wis.1982), 22 B.R. 328.

Federal law is well established that an obligation to pay attorney's fees for a former spouse may be declared to be nondischargeable if the fees are related to obtaining an award for alimony, maintenance, or support of the spouse of the debtor. *Hall, supra,* at 275. Howard cites *Tackett, supra,* as support for his argument that the attorney's fees are dischargeable in this case. However, the award of attorney's fees in *Tackett* was incorporated in a property settlement agreement that the plaintiff failed to file with the court. As a result, the court could not determine if the obligation for attorney's fees was in the nature of alimony, maintenance, or support, and the court found that the plaintiff failed to sustain his burden of proof on nondischargeability. 66 B.R. 77, 79.

This court, on the other hand, has already determined that Moore satisfied the burden of proof on nondischargeability of the "alimony/maintenance" debt and the second mortgage obligation. Under federal bankruptcy law, all attorney's fees related to obtaining these awards are nondischargeable as well. The record, however, does not reveal what portion of attorney's fees are related to obtaining the nondischargeable debts, and what portion of such fees are related to the division of marital assets. The amount sought in this case may represent the entire fee for legal services rendered over the course of the entire dissolution proceeding.

The trial court, in its modified order, stated: "Said attorney fees shall be considered as support and maintenance for [Moore] and the minor children and shall be enforceable as such." Record, p. 79. Although the designation given to an award is to be given due consideration, it is not controlling on the question of whether such

an award is nondischargeable. *Britton, supra,* at 326. We cannot determine whether the attorney's fees are related entirely to those debts that are nondischargeable. Therefore, this cause is remanded in order to allow the parties to submit evidence on this issue alone. The trial court can then make a determination as to the amount of attorney's fees qualifying as nondischargeable debt. In all other things, the trial court is affirmed.

BUCHANAN and SHIELDS, JJ., concur.