Filed 1/15/26  Law Office of Gilbert & Nguyen v. Medill CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| LAW OFFICE OF GILBERT & NGUYEN et al., | B339447 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. YC066942) |
| v. | |
| CARY MEDILL et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael P. Vicencia, Judge.  Reversed with directions.

Law Office of Wayne McClean, Wayne McClean and Marley McClean; Law Office of Gilbert & Nguyen and Jonathan T. Nguyen for Plaintiff and Respondent Law Office of Gilbert & Nguyen.

Law Office of Burg & Brock, Cameron Y. Brock and Craig D. Rackohn for Plaintiff and Respondent Law Office of Burg & Brock.

Keiter Appellate Law and Mitchell Keiter for Defendants and Appellants.

_____

## INTRODUCTION

Cary Medill and Marlene Greenly appeal from the trial court's order denying their motions to vacate a renewal of judgment. Judgment was entered in 2014 in favor of respondents Law Office of Gilbert & Nguyen (Gilbert & Nguyen) and Law Office of Burg & Brock (Burg & Brock), among others, after a bench trial. Medill and Greenly contend the trial court erred by denying the motion to vacate on the ground that the amount of the renewed judgment is incorrect. (Code Civ. Proc., § 683.170, subd. (a).)[1] We reverse the order denying the motion to vacate renewal of the judgment and remand with directions for the trial court to issue a different renewed judgment that states the correct amount due as to each defendant by including joint and several liability.

## PROCEDURAL BACKGROUND

Carlyn Moore retained Gilbert & Nguyen, Burg & Brock, and the Law Office of Wayne McClean (together, Plaintiffs) to

_____

[1]     All further references are to the Code of Civil Procedure.

2

represent her in a personal injury action.[2]  Plaintiffs sued Moore, Medill, Greenly, John Howard Petersen, Kendal Minter, and Minter & Associates LLC (together, Defendants) to recover the attorney fees owed to them by Moore.  Among other things, Plaintiffs alleged Defendants conspired to deprive them of the fees from Moore's settlement to which they were entitled.  The court had previously ordered $120,000 of settlement proceeds from Moore's personal injury action to be placed in trust pending resolution of the fee dispute.  Plaintiffs alleged Defendants improperly withdrew most of the funds from the trust account without their knowledge.

On February 3, 2014, the trial court found in favor of Plaintiffs on their breach of contract, conversion, and civil conspiracy claims against Defendants.  In particular, the court found Moore had agreed to pay a total of $120,000 pursuant to the retainer agreements she signed with each of the Plaintiffs ($80,000 to Gilbert and Nguyen, $20,000 to Burg & Brock, and $20,000 to Law Office of Wayne McClean) and that Defendants conspired to withhold those amounts from Plaintiffs.  The court entered judgment, in pertinent part, as follows:

1.      Judgment is entered in favor of plaintiffs Law Offices of Gilbert & Nguyen, Law Offices of Wayne McClean, Law Offices of Burg & Brock, against defendant

---

[2]      The trial court observed Moore's relatively "minor" personal injury action "spawn[ed] eleven lawsuits involving nine lawyers from separate firms, at least twelve judges, more than twenty declarations pursuant to CCP section 170, et seq, and more judgments and orders than this court can count."  We present a truncated version of the procedural history of this case.

3

Carlyn Moore, in the amount of one hundred and twenty thousand dollars ($120,000.00).

2. Judgment is entered in favor of plaintiffs Law Offices of Gilbert & Nguyen, Law Offices of Wayne McClean, Law Offices of Burg & Brock, against defendant Cary Warren Medill, in the amount of one hundred and twenty thousand dollars ($120,000.00).

3. Judgment is entered in favor of plaintiffs Law Offices of Gilbert & Nguyen, Law Offices of Wayne McClean, Law Offices of Burg & Brock, against defendant, Marlene D. Greenly in the amount of one hundred and twenty thousand dollars ($120,000.00).

4. Judgment is entered in favor of plaintiffs Law Offices of Gilbert & Nguyen, Law Offices of Wayne McClean, Law Offices of Burg & Brock, against defendant, Kendall A. Minter in the amount of fifty six thousand dollars ($56,000.00).

5. Judgment is entered in favor of plaintiffs Law Offices of Gilbert & Nguyen, Law Offices of Wayne McClean, Law Offices of Burg & Brock, against defendant, Minter & Associates LLC, a Georgia Limited Liability Company, in the amount of fifty six thousand dollars ($56,000.00).

6. Judgment is entered in favor of plaintiffs Law Offices of Gilbert & Nguyen, Law Offices of Wayne McClean,

Law Offices of Burg & Brock, against defendant John Howard Peterson, in the amount of one hundred and twenty thousand dollars ($120,000.00). [Capitalization omitted.]

Defendants moved to vacate the judgment and for a new trial. On April 1, 2014, the court denied the new trial motion and took the motion to vacate off calendar because the parties had agreed to amend the judgment. The judgment, however, was never amended. Defendants did not appeal from the judgment or otherwise seek to amend it before these renewal proceedings.

In 2017, the parties entered into a settlement agreement whereby Peterson, Greenly, and Minter agreed to pay Plaintiffs $98,535.48 from their personal funds, with the remainder of the judgment to be withdrawn from the trust account. In return, Plaintiffs would provide Defendants with a satisfaction of judgment and request for dismissal with prejudice. The settlement stated, however, that if payment was not made by August 3, 2017, "this Settlement Agreement shall be deemed NULL and VOID as if it had never been entered into." Plaintiffs did not receive payment from Defendants by the deadline specified in the 2017 settlement agreement. On July 27, 2017, Defendants, rather than Plaintiffs, attempted to withdraw the remaining funds from the trust account, which totaled $46,419.88. The court denied Defendants' withdrawal request, stating, "If Plaintiff wants the funds release[d], Plaintiff should proceed by filing their own motion." For reasons that are also unclear, the judgment remained unsatisfied, and the funds remain in the court's trust account.

5

On January 25, 2024, Gilbert & Nguyen filed an application for and renewal of the judgment with accrued interest. Gilbert & Nguyen credited $16,000 that had previously been paid directly to Plaintiffs against the total judgment. Consistent with the parties' understanding that the judgment was joint and several, Gilbert & Nguyen noted in their application to the court that the credit applied to all Defendants, not just the payor.

Gilbert & Nguyen served Respondents with notice of the renewal of judgment the same day. Medill and Greenly each moved to vacate the renewal of judgment on March 19, 2024. They argued the judgment was a void or interim judgment and not a final judgment subject to renewal. They also faulted Plaintiffs for breach of the 2017 settlement agreement by failing to request withdrawal from the trust account themselves, which would have reduced the amount of the judgment against Defendants. They stated their failure to pay Defendants was purportedly due to Peterson's medical issues and subsequent death.

Medill and Greenly asserted the judgment failed to specify Defendants were jointly and severally liable for Plaintiffs' damages. The judgment as stated could be interpreted to render liability several and would total $592,000, an amount in excess of the $120,000 the trial court found Plaintiffs were owed. Greenly explained this issue was raised in 2014: "The judgment in the instant matter was entered on February 3, 2014. The judgment was entered in the total amount of $592,000 for all Defendants and was attacked on April 01, 2014 by Motions to Vacate the Judgment and a Motion for a New Trial by Defendant GREENLY and others. At the April 01, 2014 hearing on said Motion by

6

Defendant 'GREENLY' the Court denied her Motion for a New Trial but her Motion to Vacate the Judgment was taken off calendar because the arguments and the Court's agreement to amend the Judgment made her Motion moot. (See Ex 'A' attached Minute Order entered on 04/04/2014). The Court never amended the Judgment nor was any proposed amended judgment submitted to the Court by the Plaintiffs." According to Medill, the trial court lost jurisdiction after 60 days without an amended judgment or an appeal from the judgment.

Judge Michael Vicencia, who presided over the trial in 2014 and the renewal hearing, denied the motion to vacate. He stated, "The renewal of the judgment is a ministerial act and not subject to attack. And these specific attacks have been made or had to have been made to the court previously upon the initial entry of the judgment or before the court of appeal."

Medill and Greenly timely filed a notice of appeal from the order denying their motions to vacate.

## DISCUSSION

A.  *Governing Law and Standard of Review*

A money judgment is enforceable for 10 years from the date of its entry and may be renewed to extend the period of enforceability. (See *Fidelity Creditor Service, Inc. v. Browne* (2001) 89 Cal.App.4th 195, 200-201 (*Fidelity Creditor Service*); see also § 683.010 et seq.) A "judgment creditor has two distinct methods by which to continue to pursue collection of a judgment as it nears expiration of the 10-year period of enforceability: the renewal of judgment provisions set forth in section 683.110 et seq., or an independent action on the judgment. Although the

two methods are distinct, the defenses available to the judgment debtor in the statutory procedure are the same as in an independent action on the judgment." (*Goldman v. Simpson* (2008) 160 Cal.App.4th 255, 260-261 (*Goldman*).)

Here, Gilbert & Nguyen renewed the judgment pursuant to the provisions set out in the Enforcement of Judgments Law (§ 683.010 et seq.). Under this procedure, the judgment creditor must file an application for renewal with the clerk of the court that entered the judgment before the expiration of the 10-year period of enforceability. (§ 683.130, subd. (a); see § 683.140 [setting forth information to be included in application].) "Upon the filing of the application, the court clerk shall enter the renewal of the judgment in the court records." (§ 683.150, subd. (a).) "The statutory renewal of judgment is an automatic, ministerial act accomplished by the clerk of the court; entry of the renewal of judgment does not constitute a new or separate judgment. 'Filing the renewal application (and paying the appropriate filing fee, Gov. C. § 70626(b)) results in *automatic* renewal of the judgment. No court order or new judgment is required. The court clerk simply enters the renewal of judgment in the court records.'" (*Goldman, supra,* 160 Cal.App.4th at p. 262, fn. omitted.)

The creditor must serve notice of the renewal on the debtor, (§ 683.160, subd. (a)), and the debtor then has 60 days after service to make a motion to vacate or modify the renewal (§ 683.170, subd. (b)). The renewal of a judgment "may be vacated on any ground that would be a defense to an action on the judgment, including the ground that the amount of the renewed judgment as entered pursuant to this article is incorrect." (§ 683.170, subd. (a).) "Upon the hearing of the

8

motion, the renewal may be ordered vacated upon any ground provided in subdivision (a), and another and different renewal may be entered, including, but not limited to, the renewal of the judgment in a different amount if the decision of the court is that the judgment creditor is entitled to renewal in a different amount." (§ 683.170, subd. (c).)

On appeal from an order denying a motion to vacate a renewal of judgment under section 683.170, "we examine the evidence in a light most favorable to the order under review and the trial court's ruling for an abuse of discretion." (*Fidelity Creditor Service, supra,* 89 Cal.App.4th at p. 199.) "Where the trial court's decision to deny a motion to vacate a renewal of judgment rests on an incorrect rule of law, we review the decision de novo." (*Vines v. O'Reilly Auto Enterprises, LLC* (2024) 101 Cal.App.5th 693, 706 (*Vines*).)

B.      *Defendants Have Demonstrated By a Preponderance of the Evidence They Are Entitled to Relief, and the Matter Is Remanded to the Trial Court To Enter Another and Different Renewal*

Defendants contend the trial court erred when it denied their motions to vacate the renewal of judgment pursuant to section 683.170, subdivision (a), because the amount of the judgment is incorrect.[3] According to Defendants, the judgment

---

[3]      Although only Medill and Greenly moved to vacate the renewal of judgment and appealed from the challenged order, we will also refer to them as Defendants for ease of reference and with the understanding that their appeal may benefit all of the Defendants.

improperly failed to provide for joint and several liability, and Plaintiffs were not entitled to any accrued interest after 2017.

We conclude Defendants' first contention has merit. Here, the trial court found Defendants liable for conversion and civil conspiracy. It is well established that "[t]here is no separate tort of civil conspiracy and no action for conspiracy to commit a tort unless the underlying tort is committed and damage results therefrom. [Citation.] The significance of a conspiracy theory of liability is that each member may be held jointly liable as a tortfeasor, even though he or she may not have participated directly in the underlying tort." (*Prakashpalan v. Engstrom, Lipscomb & Lack* (2014) 223 Cal.App.4th 1105, 1136 (*Prakashpalan*).) Yet, the judgment does not provide for joint and several liability of the $120,000 in damages. And the court did not correct the judgment even after denying Defendants' 2014 motion attacking the judgment on the grounds that the motion was moot because the court would correct the judgment.

Defendants assert joint and several liability may not be inferred from the plain language of the judgment. Plaintiffs counter that "[a] common sense reading of the face of the judgment makes clear that the judgment finds each defendant jointly and severally liable to plaintiffs (now Respondents) for $120,0000, plus interest." Plaintiffs argue they acknowledged the joint and several nature of the liability when they applied a payment of $16,000 to all Defendants, not just the payor.

Given the parties' agreement that the judgment is joint and several and the court's 2014 statement of decision, we conclude the renewal of judgment should state the correct amount due as to each Defendant by accounting for joint and several liability. Section 683.170, subdivision (a), authorizes vacating the renewal

10

of a judgment "on any ground that would be a defense to an action on the judgment, including the ground that the amount of the renewed judgment as entered pursuant to this article is incorrect." Section 683.170, subdivision (c), then authorizes the trial court to enter "another and different renewal . . . in a different amount if the decision of the court is that the judgment creditor is entitled to renewal in a different amount." (See *In re Marriage of Henderson* (1990) 225 Cal.App.3d 531, 535 [remand for determination of correct amount of renewed judgment]; cf. *Vines, supra,* 101 Cal.App.5th at p. 706 [directing court to vacate renewed judgment; "Because Vines was not entitled to . . . additional interest, the amount of the renewed judgment was incorrect, and the trial court erred in denying O'Reilly's motion to vacate the renewal of judgment."].) We thus remand the matter to the trial court to enter another and different renewal of judgment, including joint and several liability of Defendants.[4]

---

[4] We observe judgment was entered against Minter and his law firm in the amount of $56,000 each, less than the $120,000 damages suffered by Plaintiffs, which appeared to be an attempt to apportion the damages. The trial court, however, found Minter and his law firm liable under a civil conspiracy theory and explained their participation in its statement of decision. As a matter of law, Minter and his firm are thus also jointly liable as tortfeasors for the entire amount of damages. In *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* (1994) 7 Cal.4th 503, 511, the California Supreme Court explained, ""'the major significance of the conspiracy lies in the fact that it renders each participant in the wrongful act responsible as a joint tortfeasor for all damages ensuing from the wrong, irrespective of whether or not he was a direct actor and regardless of the degree of his activity.'"" (See *I-CA Enterprises, Inc. v. Palram Americas, Inc.*

11

Defendants further argue Plaintiffs "are not eligible for any interest accumulation since the rejected 2017 stipulation" and request we correct the amount of accrued interest in the renewed judgment accordingly. We are not persuaded to do so. By its own terms, the 2017 settlement agreement became null and void when Defendants failed to pay Plaintiffs by August 3, 2017. Although Defendants argue their nonpayment was due to Peterson's death and Plaintiffs' refusal to accept partial payment, it is undisputed Defendants did not pay any amount and that this condition of the settlement agreement was not met.

Defendants also rely on Civil Code section 1504 to assert their offer of payment alone—without actual payment—is sufficient to halt the accrual of interest. Section 1504 states: "An offer of payment or other performance, duly made, though the

_____

(2015) 235 Cal.App.4th 257, 271; 59 Cal.Jur.3d (2025) Trial, § 139 ["The law does not permit an apportionment of liability for compensatory damages among joint tortfeasors since it will not attempt to measure their respective degrees of culpability."].)

Accordingly, on remand, the court shall account for Minter's joint and several liability. (See, e.g., *Oakes v. McCarthy Co.* (1968) 267 Cal.App.2d 231, 260 [where judgment failed to provide for joint and several liability, the court amended the judgment to add: "'The amount of plaintiffs' recovery for compensatory damages shall not in any event exceed the total principal sum of $14,825.00, whether the sum be recovered from either or both of the defendants.'"]; see also *Dauenhauer v. Sullivan* (1963) 215 Cal.App.2d 231, 234 ["The verdict awarding plaintiffs damages in the total amount . . . was in itself sufficient to constitute a complete verdict, and the additional language apportioning damages among the several defendants was mere surplusage which could be disregarded by the trial court at the time of entry of judgment."].)

12

title to the thing offered be not transferred to the creditor, stops the running of interest on the obligation, and has the same effect upon all its incidents as a performance thereof." A valid offer of payment or other performance under section 1504, however, must be for the full debt, made in good faith, unconditional, and with the ability to perform. (See *Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047, 1053; Civ. Code §§ 1486, 1493, 1494, 1495; see also *Mission Ins. Group, Inc. v. Merco Construction Engineers, Inc.* (1983) 147 Cal.App.3d 1059, 1067 ["A tender which is conditional does not come within the provisions of Civil Code section 1504."]; *Leatherby Ins. Co. v. City of Tustin* (1977) 76 Cal.App.3d 678, 689 [section 1504 does not apply where a tender of payment is subject to conditions that the creditor is not obligated to satisfy].) In particular, Civil Code section 1495 states an "offer of performance is of no effect if the person making it is not able and willing to perform according to the offer." Similarly, an "offer of partial performance is of no effect" pursuant to section 1486.

At best, the 2017 settlement offer was one of partial payment and thus was of "no effect" under Civil Code section 1486. The offer is additionally of no effect because Defendants concede they were unable to perform according to the offer. In short, section 1504 does not halt the accrual of interest in this case. Defendants provide no factual or legal basis to limit the amount of accrued interest under these circumstances.

## DISPOSITION

The order denying the motions to vacate the renewal of judgment is reversed.  The matter is remanded to the trial court with directions to issue another and different renewal pursuant to section 683.170, subdivision (c), reflecting the correct amount of the judgment as to each Defendant by including joint and several liability as stated herein.  Each party is to bear its own costs on appeal.

MARTINEZ, P. J.

We concur:

STONE, J.                              GIZA, J.*

---

* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.